### Denny v. Commonwealth.

(Decided June 19, 1928.)

## Appeal from Rockcastle Circuit Court.

Assault and Battery.—In prosecution under Ky. Stats., sec. 1166, for malicious shooting and wounding with intent to kill, failure to submit proposition that offense constituted misdemeanor in case shooting was not malicious, but was the result of wanton, reckless, or gross carelessness in handling of pistol, held erroneous, under evidence authorizing inference that shooting was not malicious.

C. C. WILLIAMS and J. A. OWENS for appellant.

J. W. CAMMACK, Attorney General, and G. H. MITCHELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Reversing.

This is an appeal from a judgment convicting appellant of malicious shooting and wounding with intent to

kill, and fixing his punishment at three years' confinement in the state penitentiary.

The facts are these: On the day before the shooting appellant called at the home of Jesse and Bessie Maness to see Effie Doan. He was intoxicated at the time, and his conduct was such that he was invited to leave the premises. On his departure he left his pistol with Effie Doan. The next day appellant returned and Mr. and Mrs. Maness, seeing that he was intoxicated, told him not to come into the house. He then cursed and threatened them. Mr. Maness got the pistol and started out of the house. Mrs. Maness intercepted him, and, during the scuffle over the pistol, the pistol was discharged in the house. They then told Effie Doan to take the pistol and give it to appellant. She took the pistol out into the yard, gave it to him and told him to go away. He walked along in the yard and Effie accompanied him some distance away. While her head was turned, a pistol shot came from where he was standing, entered the house, and struck Mrs. Maness in the right arm. None of the witnesses saw who fired the shot.

In addition to an instruction on reasonable doubt, the court gave the following instruction:

"No. 1. If the jury believe from the evidence in this case, beyond a reasonable doubt, that in this county, and before the finding of this indictment, the defendant, Bill Denny, did willfully shoot at and wound Bessie Maness with a pistol, or that he recklessly and wantonly fired or discharged a pistol into the home where Bessie Maness and others were, knowing they were in said house, but without intending to injure the said Bessie Maness, but that the said Bessie Maness was shot and wounded by the reckless and wanton firing or discharging of a pistol by the defendant into said house, if such there was, but from which shooting and wounding the said Bessie Maness did not die, you will in either state of case find the defendant guilty, as charged in the indictment, and fix his punishment at confinement in the state penitentiary for not less than one year, nor more than five years, in your discretion."

The indictment is under section 1166, Kentucky Statutes. The wounding contemplated by this section is such that if death had ensued the offense would have been

murder.   However, if the circumstances are such that if death had ensued the offense would have been manslaughter only, then the offense is simply a misdemeanor. Rapp v. Commonwealth, 14 B. Mon. (53 Ky.) 615.   The shooting was not done in sudden affray, and it cannot be said that the evidence was sufficient to show that the shooting was done in sudden heat and passion.   However, if the shooting was not malicious, but was the result of the wanton, reckless, or grossly careless handling of the pistol, the offense was a misdemeanor punishable at fine or imprisonment, or both, in the discretion of the jury.   The given instruction couples the felony and misdemeanor together, and authorizes the same punishment for both.   This was error.   The court should have instructed under section 1166, Kentucky Statutes, and, as the jury might have inferred from the evidence that the shooting was not malicious, but was the result of the wanton, reckless, and careless handling of the pistol, a separate instruction should have been given submitting this phase of the case.   Balee v. Commonwealth, 153 Ky. 558, 156 S. W. 147.

Judgment reversed and cause remanded for a new trial consistent with this opinion.