# Jones v. Commonwealth.

Dec. 19, 1941.

S. M. Ward and Don A. Ward for appellant.

Hubert Meredith, Attorney General, and Wm. F. Neill, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

Upon the ground that he was entitled to an instruction on shooting and wounding through the reckless handling of a pistol, the appellant, Harlan Jones, seeks a reversal of a judgment sentencing him to prison for two years for maliciously shooting and wounding with intent to kill Mrs. Martha Francis.

On Sunday afternoon, June 2, 1940, while taking his brother home from a hospital in Hazard, the appellant stopped at Mrs. Francis' restaurant and beer saloon in Duane, Perry County. He says he stopped to get his brother who had got out there on the way to town. He left his brother and wife in the car but was careful to take his pistol from under the seat cover and put it in his belt before entering the place. He went through the main room to the kitchen where he found his brother Andy and a girl who had been staying there. He testified: "Andy was nursing Alphia; she was sitting on his lap."

We look to the evidence of the Commonwealth for a further description of what occurred. According to the girl, the defendant came into the kitchen with a pistol in his hand and threw it around in her face. His mother was also present and she tried to quiet him. Nobody was bothering him. His mother followed him out of the

kitchen and his brother Andy joined in the effort to get Harlan to go away and create no disturbance. Mrs. Francis, who was the defendant's second cousin, came there and joined the appeasers. Also Parnell Combs. All parties were in good humor, according to the witnesses. The defendant jabbed Combs with his pistol and he departed for the kitchen post haste. Mrs. Francis assured him they were the best of friends, begged him to put up his gun. She persuaded him to put it in his shirt which she pulled together. About that time Andy suggested they go home. Harlan then pulled out his pistol and started firing. One shot lodged in Mrs. Francis' breast and another shattered her arm. A third shot went through a window. Woodrow Francis, a son of the victim, ran and got a pistol from under the counter, whereupon the defendant's father, who seems to have lately come in, drew his pistol on the boy. The defendant was disarmed. His mother saying he had shot Martha for nothing brought the response from her that it was an accident and couldn't be helped. The defendant ran out of the building. Several witnesses say he was drunk.

If this were all the evidence the defendant would have been entitled to an instruction on the common law misdemeanor of shooting and wounding another as the result of reckless and careless use of a firearm. Balee v. Commonwealth, 153 Ky. 558, 156 S. W. 147; Denny v. Commonwealth, 225 Ky. 158, 7 S. W. (2d) 1061. But the defendant's testimony destroyed any theory there may have been that that was the cause of the shooting. He stated that he was not drinking or drunk. He denied much of the testimony of the Commonwealth's witnesses, especially that he had jabbed Parnell Combs with his pistol. His story was that when he came out of the kitchen Martha Francis, whom he "didn't think was mad," took hold of him and pushed him back on the counter. His mother stepped up and then Parnell Combs jabbed him in the side with his pistol. He then drew his pistol and asked him what he meant. The defendant testified that he would not say that he shot Mrs. Francis, but insisted that she, and perhaps his brother, had hold of him when he fired once. He is sure he did not shoot her intentionally. He ran out to keep Woodrow Francis from shooting him. The defendant stated that he had never had any trouble with his cousin Martha, although on some undisclosed occasion he admitted that he had taken a pistol away from her because she had fired at

him and was trying to shoot his brother. Upon this occasion he snatched his pistol out and "let it off" one time. He insisted that he did not fire three times. Combs had a pistol drawn at the time and Martha was pushing him toward the kitchen door, but he didn't know why. At another place in his testimony he stated, "Martha jumped on me and scared me."

The defendant thus made it appear that he drew his pistol and fired to defend himself from Parnell Combs, and possibly from Martha Francis, or both of them. That defense was appropriately presented to the jury. If the jury had believed that the shooting was done without previous malice it undoubtedly would have found the defendant guilty of the lesser offense of shooting in sudden heat and passion and have fixed his punishment at a fine or imprisonment in jail instead of sending him to the penitentiary. Therefore, in no event could the omission to instruct on the reckless handling of firearms have been prejudicial to the defendant's substantial rights.

Judgment affirmed.