## Vires v. Commonwealth.

December 7, 1948.

O. J. Cockrell and Chester A. Bach for appellant.

A. E. Funk, Attorney General, and Zeb A. Stewart, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

Alva Vires was charged with the murder of Drew Godsey. Upon his trial he was found guilty of voluntary manslaughter and sentenced to five years in prison. On this appeal he is insisting that (1) he shot Godsey accidentally and therefore was entitled to a directed verdict, and (2) the court improperly instructed the jury.

Vires said that he and Godsey lived within about a quarter of a mile of each other and had never had any trouble. He said he went hunting about 1:30 or 2:00 in the afternoon. He was carrying a 12 gauge shotgun loaded with buckshot. As he approached the top of a ridge some 250 yards from his home, and where he had cut a pathway, he saw some bushes move and shot at what he thought was a fox. He was some 15 or 20 paces from the object when he fired. He heard someone groan and a shot was fired from the direction toward which he had fired. When the second shot was fired he was scared and ran to his home where he left his gun and then went about a mile and a quarter to the home of one of his cousins. Later he surrendered to the jailer and told the sheriff what had happened.

The evidence for the Commonwealth was that Godsey left his home to go squirrel hunting early in the afternoon; he had four shells, the same number found in his pockets after he was shot; shortly after he left his home two shots were heard which appeared to have been fired from the same gun; he was wearing a pair of overall pants and a white shirt; and, apparently, his body slid down the hill from a flat rock where he had been sitting at the time he was shot. The coroner said Godsey's gun appeared not to have been fired recently and that Vires told him that he shot at what he thought was a fox and killed Godsey.

There was no eyewitness to the shooting other than Vires. While there was no direct testimony of malice on the part of Vires, we are not prepared to say that he was entitled to a peremptory instruction, or, as insisted by his counsel, that the verdict is flagrantly against the evidence, because we think there was more than a scintilla of evidence showing that the shooting was not accidental. The shooting was done in broad daylight and at a time when Vires was some 15 to 20 steps from

Godsey. There is also the evidence that Vires ran from the scene, first to his home and then on to the home of a cousin. Furthermore, his own testimony shows that he had no definite knowledge of the object toward which he was directing his fire.

Under the first instruction the jury was authorized to find Vires guilty of murder. Under the second one he could be found guilty of voluntary manslaughter if the jury thought he "did unlawfully, willfully and feloniously," in sudden heat of passion or sudden affray, kill Godsey. There was no evidence whatever that Vires shot Godsey in sudden heat of passion or sudden affray. Steadfastly he maintained he shot at an object which he thought to be a fox and accidentally killed Godsey. We think, however, that an instruction should have been given whereunder Vires could have been found guilty of voluntary manslaughter if the jury believe that the shooting was the result of reckless, wanton and felonious disregard of the safety of human life. Also there should have been an instruction authorizing the jury to find Vires guilty of involuntary manslaughter if he was found to be guilty of the reckless use of firearms, though the shooting was not done wantonly and feloniously. See Stanley's Instructions to Juries, section 886; Shoupe v. Commonwealth, 294 Ky. 254, 171 S. W. 2d 447. Certainly it is for the jury to determine whether Vires was guilty of some degree of recklessness in discharging his 12 gauge shotgun loaded with buckshot in the direction of the sound and the movement of the bushes.

Wherefore, the judgment is reversed, with directions to set it aside, and for proceedings consistent with this opinion.