## SUMPTER et al. v. COMMONWEALTH.

Court of Appeals of Kentucky.
Oct. 10, 1952.

Joe S. Feather, Williamsburg, for appellants.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

STANLEY, Commissioner.

A. F. Sumpter and his wife, Ora Sumpter, have filed a motion for an appeal from their conviction of the offense of shooting and wounding another in sudden heat of passion. Each of them was sentenced to serve six months in jail and pay a fine of $500.

The appellants ran a store in the hamlet of Rockhold in Whitley County. They lived on the second floor of the building. A porch with a roof runs across the front, which borders on a road. On an early evening in June, 1951, three boys of the

neighborhood, about sixteen years old, bought some pop in the store and, as Sumpter closed for the night, went on the porch and sat on a bench, which was next to the wall. They testified he pecked on the window with a pistol but was laughing or smiling at the time. He testified that he had gathered up his money from the cash register and pecked on the window with a flashlight, and then went upstairs to bed. His wife was then asleep.

Another boy, Ray Petrey, stopped at the store to talk with the other boys about a rattlesnake he had seen up the creek. While he was standing on the porch, several shots were fired from an upstairs window and one of them came through the roof of the porch and inflicted a superficial wound in Petrey's shoulder. The boys testified they were quiet and not boisterous in any way.

The next morning Sumpter was taken to the courthouse. He insisted that he knew nothing about any shooting at his place. In the course of an examination he told the officers that his wife owned a pistol and he would be glad to bring it in. The sheriff went back to the store with him and arrested Mrs. Sumpter. According to the officers, she told them she knew nothing about the shooting, but she says she does not remember whether she told them that or not.

On the trial, Sumpter insisted that he was so sound asleep he did not hear any shots fired from his window; that he had had a tooth pulled in the afternoon and had not got over the effects of a numbing injection which the dentist had administered. Mrs. Sumpter testified that she was awakened by a noise or racket; that she was nervous, excited and scared, and fired out the window several times without paying any attention as to which way the pistol was pointed; that she did this to scare away whoever it was making the racket and who she thought was trying to break into the store. She had owned the pistol for several years.

Thus, there is no contradiction in the testimony except as to whether Sumpter had pecked on the window at the boys, as a rather friendly gesture, with a pistol or with a flashlight.

■ The case against Sumpter was submitted only on the theory that he was an aider and abettor of his wife. It is well established that proof merely of relationship or association of the parties charged or of one's presence when another commits an offense does not in and of itself make one liable as an aider or abettor. Though actual or affirmative participation is not required, one must at least have been intentionally in agreement with the perpetrator of the offense and have been in position to render him aid and encouragement in its commission. Of course, one's presence in connection with other circumstances may be considered in determining whether he co-operated or lent his countenance and approval in such a way as to make him guilty of having a part therein. Gambrell v. Commonwealth, 282 Ky. 620, 139 S.W.2d 454; Patton v. Commonwealth, 289 Ky. 771, 160 S.W.2d 180. While Sumpter's claim that he was not awakened by the shooting out his bedroom window and knew nothing about the occurrence is incredible, nevertheless, he insisted upon that claim and by replies in her examination his wife corroborated him that he was asleep. There is not a scintilla of evidence of a circumstantial character which might be considered as contradicting this testimony. We are of opinion the court should have directed a verdict acquitting Sumpter.

The woman insisted she had no intention of shooting the boy or anyone else. She had, in sudden excitement, fired the pistol at random without realizing the direction in which the bullets might go, and did so in order to frighten away those who were making a racket or who might be trying to break into the store. That was her defense. The instructions embraced the felony of malicious and willful shooting with intent to kill, KRS 435.170(1), and the statutory misdemeanor of shooting and wounding another in sudden affray or in sudden heat of passion without previous malice. KRS 435.180. The latter instruction, under which the defendants were convicted, predicated guilt on belief beyond a

reasonable doubt that Ora Sumpter "in sudden affray or in sudden heat of passion, without malice, and not in her own apparent necessary self-defense and in defense of her property" shot and wounded Petrey. There was no basis for including the term "sudden affray" or the right of self-defense, but it is clear no harm was done thereby.

In our opinion, the inclusion of the right to defend their property was sufficient to take care of the idea that the act was done to frighten away those persons the defendant believed might be trying to break into the building, and it was proper not to include the specific right to defend their habitation.

The question is whether it was error not to have given an instruction embracing the offense of recklessly or carelessly shooting without an intention to wound the boy or anyone else.

■ Where there is evidence tending to show that the shooting was not done with any motive, reason, or desire by the accused to shoot the person wounded, but was done in the wanton, reckless or careless handling of a pistol or shooting it at random, instructions on common law criminal negligence should be given. Balee v. Commonwealth, 153 Ky. 558, 156 S.W. 147; Gambrell v. Commonwealth, 282 Ky. 620, 139 S.W.2d 454. The differences in the three offenses stated are the same as between murder, manslaughter and involuntary manslaughter where the wound was fatal. Perkins v. Commonwealth, 218 Ky. 802, 292 S.W. 498. So where death ensued from a shooting under circumstances somewhat similar to those of the instant case, we have held it was error to fail to give an instruction upon the hypothesis of negligent homicide. Smiley v. Commonwealth, 235 Ky. 735, 32 S.W.2d 51; Pelfrey v. Commonwealth, 247 Ky. 484, 57 S.W.2d 474; Huff v. Commonwealth, 250 Ky. 486, 63 S.W.2d 606; Duff v. Commonwealth, 297 Ky. 502, 180 S.W.2d 412. Thus, where one shot at an object in the belief that it was a fox or squirrel when it was in fact a human being who was hit and killed, we held instructions of voluntary and involuntary manslaughter based upon the wanton and upon the careless use of a deadly weapon should be given. Vires v. Commonwealth, 308 Ky. 707, 215 S.W.2d 837; Childers v. Commonwealth, Ky., 239 S.W.2d 255. Likewise, we have held where an officer's defense on a charge of murder was that he had fired a pistol merely to frighten an escaping prisoner and cause him to stop and had no purpose of hitting him, the defendant was entitled to an instruction on involuntary manslaughter based upon reckless shooting. Lewis v. Commonwealth, 140 Ky. 652, 131 S.W. 517; Clem v. Commonwealth, 198 Ky. 486, 248 S.W. 1036; Baker v. Commonwealth, 212 Ky. 50, 278 S.W. 163.

The same rule has been held to apply where a person not an officer discharged a firearm merely to frighten another without intending to hit him and the other person was wounded. State v. Lehman, 131 Minn. 427, 155 N.W. 399, Ann.Cas.1917D, 615.

■ The jury might have inferred from the circumstances that Mrs. Sumpter was so aggravated by the boys that she fired in heat of passion. They might also have believed that she was merely criminally negligent. She confessed to the act of shooting the boy but sought to avoid the consequences by insisting there was no sort of criminal intent. The absence of such intent was her sole defense. Intention is not an ingredient of negligence, either criminal or civil. One is held accountable for the results irrespective of intent. Here the jury may have believed the woman was not negligent either to the degree of wanton disregard for the safety of others or of mere carelessness; or they may have found her guilty of negligence in one or the other degree. In any event, we conclude the circumstances related by the defendant required the submission of the question to the jury.

The motion for an appeal is sustained, the appeal granted, and the judgment reversed.