## DAVIS v. COMMONWEALTH.

Court of Appeals of Kentucky.
Oct. 17, 1952.

Clore & Swinford, Pineville, for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty., Gen., for appellee.

CAMMACK, Chief Justice.

Charley Davis was sentenced to 21 years in prison on a charge of voluntary manslaughter. He is asking reversal of the judgment on the grounds that (1) he should have been granted a continuance; and (2) the trial judge erred in failing to give an instruction on defense of habitation.

Davis shot and killed Elza Smith sometime after midnight on September 1, 1951. The killing took place outside a window of a store belonging to John Hollin, where Davis worked as a clerk. Smith went into the store shortly after midnight and he and Davis began arguing over the purchase of a carton of cigarettes. They had had some difficulty earlier in the afternoon. Hollin heard the argument over the cigarettes and came out of a back room and gave Smith a pack of cigarettes. He and Davis then forcibly ejected Smith from the store. Both Hollin and Davis said Smith shouted at Davis, saying, "God damn you, I will wait on you till you come outside." Hollin bolted the door and turned out the light, closing the store for the night. Both Davis and Hollin said Smith began kicking and pounding on the door in an attempt to break in and that he moved to a nearby window and started beating on it, all the while cursing and shouting. Davis said he saw Smith at a window with a pistol in his hand. He said that, when he saw the gun, he picked up a revolver and shot Smith. Hollin said he saw an object which might have been a gun in Smith's hand. Both Hollin and Davis said they saw Smith with a .38 caliber revolver several hours before the time of the killing. Witnesses for the Commonwealth, all of whom were outside the store building when the killing took place, said Smith did not have a gun, but was lighting a cigarette when he was shot. They said Smith called to Davis through the window, telling him that his wife wanted him. No gun was found near Smith's body, but a bloody cigarette and matches were found.

Davis contends that, in view of the circumstances noted herein, he was en-

titled to an instruction on defense of habitation. It is well settled that a defendant is entitled to have his theory of the case submitted to the jury. Witt v. Commonwealth, 305 Ky. 31, 202 S.W.2d 612. The right of defense of habitation extends to anything within the curtilage. Bowling v. Commonwealth, 290 Ky. 455, 161 S.W.2d 942. Roberson's New Kentucky Criminal Law & Procedure, section 293. The right extends also to servants and guests. Hendrickson v. Commonwealth, 232 Ky. 691, 24 S.W.2d 564. We can not agree with the contention of the Commonwealth that there was no evidence showing Smith was attempting to break into the store. Davis may have used more force than was necessary to defend the store, but that is not the question at hand. We think he was entitled to an instruction on defense of habitation.

In the light of the conclusion reached, it is unnecessary for us to consider the question as to whether Davis should have been granted a continuance.

Judgment reversed, with directions to set it aside, and for proceedings consistent with this opinion.