## SMALL v. COMMONWEALTH.

Court of Appeals of Kentucky.

May 8, 1953.

David C. Brodie and John B. Anderson, Owensboro, for appellant.

J. D. Buckman, Jr., Atty. Gen., and H. D. Reed, Jr., Asst. Atty. Gen., for appellee.

STANLEY, Commissioner.

Arthur L. Small was convicted of the offense of shooting and wounding in sudden affray or heat of passion and fined $500. KRS 435.180. His motion for an appeal is sustained and the judgment is reversed on the ground of error in failing to give certain instructions.

Small is the proprietor of a night club, called the Trianon Club, near Owensboro. Frank Hermann and several other soldiers from Camp Campbell, near Hopkinsville, came to the club one night in May, 1952, after having visited other places during the afternoon. It is quite evident they had been drinking. About eleven o'clock an argument or fight arose between two women. Some of these soldiers availed themselves of the disturbance to show their valor and joined in a free-for-all fight. Small and his "bouncer" put Hermann out of the building. He came back in while the fight was still going on and according to Small assaulted him and inflicted some minor injuries. Hermann denied the assault. During the melee Small's wife handed him a pistol obtained from behind the bar, and he discharged it in the floor several times, as he says, in order to frighten the men away. The effect did result in an exodus at least of the patrons other than the soldiers. Hermann was hit, perhaps by a ricocheted bullet, and suffered a superficial wound in the thigh. There is no conflict in the evidence that Small retreated to the stairway which lead to the second floor where he lived with his wife and three year old child. His wife had gone up there and called the police and brought him a shotgun while he was near the top of the stairway. Small fired the gun twice into the floor for the purpose, as he again says, of scaring off his several assailants. Whether Hermann was in the group at the foot of the stairs or was innocently standing nearby is in contradiction. Sergeant Poilles testified he had gone up on the stairway and tried to get his comrades to let Small alone and to leave before they got hurt. Three of them came up two or three steps and tried to drag him off. Small, he testified, "was firing down over the bannister." He said to Small, "If you are going to fire, you had better shoot to stop them. You can't scare them out of here. I said just shooting to try to scare them, you can't scare them. If you are going to stop 'em, stop 'em or they are going to come on up here." One or two of the shotgun pellets struck Hermann and slightly wounded him.

Instructions were given on malicious shooting and wounding, shooting and wounding in sudden affray or heat of passion, self-defense while in danger of bodily harm at the hands of Hermann, and on reasonable doubt of proof of guilt and of the degree of the offense.

We do not think the defendant was entitled to an instruction on the right to evict Hermann from his premises. The accused did not fire the gun in an effort to put him out. He sought to defend himself from the several disorderly soldiers who had driven him to the wall and, as he testified, to keep them from coming all the way up the stairway into his apartment where his wife and baby were.

While an instruction on the common-law offense of reckless shooting and wounding would have been proper, Sumpter v. Commonwealth, Ky., 251 S.W.2d 852, we do not think the omission prejudicial. The penalty for such an offense is from six to twelve months imprisonment or a fine not exceeding $5,000 or both. KRS 431.075. The jury gave the defendant the maximum fine provided for the offense of which he was convicted. It would have had the power to have imposed a much larger fine under an instruction on the common-law offense.

We are of opinion that the facts fully justified instructions defining the right of the accused to defend himself against the attack of persons other than Hermann. The limitation of the instruction on self-defense to that from the assault by Hermann failed to present his real defense, namely, that from assault by Hermann and

his comrades, or by them if in fact Hermann was not then and there participating. If the jury believed Hermann's testimony that he was not in the attacking group but was an innocent bystander, then they could not have found the defendant not guilty. Buttery v. Commonwealth, 211 Ky. 23, 276 S.W. 969; Martin v. Commonwealth, 299 Ky. 1, 184 S.W.2d 234.

We are of opinion also that the defendant was clearly entitled to an instruction on the right to defend his habitation if it was necessary to do so in order to repel the persons attempting to enter it in a forceable or violent manner. Noe v. Commonwealth, 227 Ky. 578, 13 S.W.2d 763; Krone v. Commonwealth, 265 Ky. 389, 96 S.W.2d 1052; Davis v. Commonwealth, Ky., 252 S.W.2d 9.

It was not proper for the Commonwealth's Attorney to state that there were other indictments pending against the accused but this does not, under the circumstances, constitute a prejudicial error.

The judgment is reversed.