## KELLY v. COMMONWEALTH.

Court of Appeals of Kentucky.

May 22, 1953.

J. B. Johnson, Harlan, for appellant.

J. D. Buckman, Jr., Atty. Gen., and Zeb A. Stewart, Asst. Atty. Gen., for appellee.

WADDILL, Commissioner.

Vernon Kelly was convicted of the murder of Dallas Harris and sentenced to life imprisonment. He appeals, urging four grounds for reversal: (1) The verdict of the jury is not sustained by the evidence; (2) admission of incompetent and prejudicial evidence; (3) erroneous instructions; and (4) that the accused was tried in an "unfriendly atmosphere."

The evidence introduced in behalf of the Commonwealth established that on Sunday, August 10, 1952, at about dark, Dallas Harris appeared at the home of Lee Middleton and joined Middleton and his wife in driving to Evarts for the purpose of purchasing groceries. The store they intended to patronize was closed, so they proceeded toward Bailey's Creek and stopped in front of Jim Pace's store. Harris got out of the car and was standing talking with Lee Middleton. Harris told Middleton that appellant had taken his hat and if it was not returned to him, he would kill appellant between then and next Sunday unless appellant "got him" first. At that time appellant drove up in his car, got out, and came over to Middleton's car and approached Harris with a gun in his hand and asked Harris why he had stolen his whiskey. Harris turned to get back in Middleton's car. Appellant "took hold" of Harris; they faced each other and went into a scuffle behind the car. Immediately a pistol fired and Harris was found lying on the ground fatally wounded. No weapon was found on Harris' body.

The funeral director who prepared Harris' body for burial testified that he found a bullet hole in Harris' left chest and a small scratch on his right index finger.

The evidence for the appellant shows that at about two o'clock on the afternoon in question, Harris came to appellant's home drunk and was ordered to leave by appel-

lant. Harris left, but did not pick up his hat that had fallen off his head. A neighbor of appellant took the hat away with him. Later during the afternoon Harris was seen in Evarts intoxicated and in the possession of a pistol.

Appellant testified that he and his wife left their home with Elbert McGee and Henry Evans at dusk and drove to Bailey's Creek in search of whiskey. As they drove on their journey they saw Middleton's car parked by the road. Appellant stated that he saw Middleton, but did not recognize Harris because of darkness. Appellant stopped his car, got out and approached Middleton, and just as he reached Middleton's car, Harris suddenly turned and said, "There he is, I'll fix him now." Appellant stated that Harris had a gun; he grabbed for it, and in the ensuing scuffle between them, the gun was discharged while in Harris' possession.

Other witnesses introduced by appellant testified that they did not see the encounter, but did state appellant was not armed with a pistol.

■ In support of his first ground for reversal it is argued that appellant made out a clear case of self-defense, therefore the court should have directed an acquittal. It is true that appellant did claim self-defense. His testimony supported his claim. However the Commonwealth's evidence was to the contrary. The jury is the sole judge of the facts. The evidence, although conflicting, was clearly sufficient to warrant and support the verdict. Durham v. Commonwealth, Ky., 248 S.W.2d 709; Jones v. Commonwealth, 307 Ky. 286, 210 S.W.2d 956; Shepherd v. Commonwealth, 306 Ky. 121, 206 S.W.2d 485; Devers v. Commonwealth, 305 Ky. 551, 204 S.W.2d 968.

■ The evidence complained of as being incompetent and prejudicial was an admission by appellant that he had sold whiskey. The record reflects that appellant's objection to the question asked by the Commonwealth about the whiskey was sus-tained, and the court admonished the jury in respect thereto. The court's admonition to the jury corrected what otherwise might have been considered as error.

Complaint is made that the court did not instruct on the whole law of the case. The court gave eight instructions which covered: (1) Murder; (2) voluntary and (3) involuntary manslaughter; (4) accidental killing; (6) self-defense; and (8) "reasonable doubt." Criminal Code of Practice, section 238. Instruction No. 5, given pursuant to section 239 of the Criminal Code of Practice, told the jury to convict appellant of the lower degree of the offense charged if they found the accused guilty, but had a reasonable doubt as to the degree of the offense he had committed. Instruction No. 7 defined "malice aforethought," "wilfully," and "feloniously."

■ We have no difficulty in concluding that the instructions given covered the law in the case. However, appellant contends that instruction No. 5 is prejudicially erroneous in that the court told the jury that if they found the accused guilty but entertained a reasonable doubt as to the defendant having been proven guilty under instructions 1, 2, or 3, then they should find him guilty of the lower offense, involuntary manslaughter and fix his punishment accordingly. Appellant argues that under the instruction given, the jury in fixing the punishment, could choose only between finding accused guilty under instruction No. 1 (murder) or under instruction No. 3 (involuntary manslaughter), thus preventing the jury from exercising its prerogative of finding appellant guilty under instruction No. 2 (voluntary manslaughter). The case of Shoupe v. Commonwealth, 294 Ky. 254, 171 S.W.2d 447, is cited to sustain this contention.

We have examined the Shoupe case and find the "lesser degree" instruction therein given was erroneous for the sole reason that it only included the instructions given on murder and voluntary manslaughter and failed to cover the lowest degree of the offense, involuntary manslaughter.

Section 239, Criminal Code of Practice, provides:

"If there be a reasonable doubt of the degree of the offense which the defendant has committed, he shall only be convicted of the lower degree."

■ Although we are of the opinion that the instruction was correct as given under section 239 of our Criminal Code, we further find that under instruction No. 2 the court specifically covered the complaint urged by using the following language:

"If the jury shall not believe from the evidence that the defendant, has been proven guilty as set out in instruction No. 1, but shall believe from the evidence to the exclusion of a reasonable doubt that the defendant * * * then you ought to find the defendant guilty of voluntary manslaughter, * * *."

In our opinion the trial court carefully and fully protected appellant's legal rights in his charge to the jury.

■ Counsel next insists that appellant was tried in an "unfriendly atmosphere." The basis of this complaint is that the record reflects 17 occurrences wherein the trial court intervened and asked questions of the witnesses. Counsel further complains that it is significant that not one of the questions asked by the court of the witnesses was "friendly" to appellant, nor were any of the rulings made by the court favorable to appellant.

Although no objection was interposed by appellant's counsel to the court's actions, we have read and considered the bill of evidence and find that questions asked by the court of the witness were pertinent and competent. We think the court had the right to ask questions that were competent and to take such proper action that would expedite the orderly procedure of the trial.

We have also examined the rulings of the court made during the trial and find no error in this respect.

Judgment affirmed.