**Daniel BENTLEY, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 23, 1962.

Stanley R. Hogg, Whitesburg, for appellant.

John B. Breckinridge, Atty. Gen., Martin Glazer, Asst. Atty. Gen., for appellee.

PALMORE, Judge.

Having shot his wife, appellant was convicted under an indictment for malicious shooting and wounding and sentenced to 10 years in prison. KRS 435.170. He claims prejudicial error in the trial court's failure to instruct on the so-called common law offense of wounding by the reckless, wanton or grossly careless handling of a gun.

The wife's version of the affair was that during the course of a brief argument in which he slapped her and she retaliated in kind he said, "I'll kill you for that," and then picked up a shotgun, proceeded to load it, and pointed it toward her. She reached out and tipped the barrel upward as the gun fired. The charge entered her shoulder. His story was that it was the wife who picked up and had possession of the shotgun, and that it accidentally fired as he tried to wrest it from her.

The court instructed on the principal offense, malicious shooting and wounding (KRS 435.170), the lesser offense of malicious shooting and wounding in sudden heat and passion or in a sudden affray (KRS 435.180), and the defenses of accidental shooting and self defense.

In the case of Balee v. Com., 1913, 153 Ky. 558, 156 S.W. 147, a shooting and wounding took place under such circumstances that a jury might well have found that it was not intentional, but resulted from gross negligence. The trial court did not instruct on any theory of accident, whether reckless or otherwise. In reversing, this court said that if "the shooting was not malicious, but the result of the wanton, reckless, or grossly careless handling of the pistol, the offense * * * is punishable at common law with fine and imprisonment," and directed that on another trial an instruction to that effect be given. Cited, however, in support of this proposition were cases of homicide, not wounding.

At common law an intentional wounding, by shooting or otherwise, was an assault and battery. KRS 435.170 and 435.-180 are a statutory reclassification of certain types of assault and battery. We do not find that negligent wounding, as such, was a crime at common law unless the defendant's conduct was so wanton and in disregard of the probable consequences to others that it was considered to be wilful, in which event it was an assault and battery. Wharton's Criminal Law § 339, Vol. 1, pp. 686–687; Roberson, § 1107, p. 1329. (By the same token, one who fires a shot into a crowd of people, not actually intending to injure anyone, *may* nevertheless be found guilty of wilful murder. Hill v. Com., 1931, 239 Ky. 646, 40 S.W.2d 261, 262. See also Holmes, The Common Law, pp. 55, 56.) "Gross negligence" has been recognized as less culpable than "reckless and wanton" conduct. Marye v. Com., Ky.1952, 240 S.W. 2d 852. Nevertheless, at least since the Balee case, wounding through gross negligence has been considered a common law

misdemeanor in Kentucky. See Denny v. Com., 1928, 225 Ky. 158, 7 S.W.2d 1061; McCown v. Com., 1933, 250 Ky. 574, 63 S.W.2d 601; Sumpter v. Com., Ky.1952, 251 S.W.2d 852; Small v. Com., Ky.1953, 257 S.W.2d 906. The statement in Sumpter v. Com., supra, to the effect that the degrees of shooting and wounding correspond with the three degrees of homicide is not strictly accurate, however, because in this jurisdiction a homicide by "reckless and wanton" conduct falls within the second degree, voluntary manslaughter, and a homicide by "gross negligence" falls in the third, involuntary manslaughter, Marye v. Com., Ky.1952, 240 S.W.2d 852, whereas a shooting and wounding through either gross negligence or reckless and wanton conduct falls in the third, and is an assault and battery.

Failure to instruct in this case on the misdemeanor of shooting and wounding unintentionally but as the result of the appellant's wanton, reckless or grossly careless handling of the shotgun was error, but we are of the opinion that it was not prejudicial in view of the form of the instruction on the defense of accidental shooting, which was as follows:

"If you believe from the evidence that the shot which wounded Georgia Bentley was accidentally or unintentionally fired by the defendant, and that his act was not wilful as set out in Instruction No. 1 or No. 2, then you should find the defendant not guilty."

When the instructions embrace all three degrees of shooting and wounding and the defense of accidental shooting as well, the instruction on accidental shooting must contain the proviso that the act was neither wilful, as set out in the two instructions on KRS 435.170 and KRS 435.180, nor the result of the defendant's wanton, reckless or grossly careless handling of the weapon, as set out in the instruction on that theory. Under the above quoted instruction, however, it was the duty of the

jury to acquit unless it found the shooting to have been intentional, regardless of whether it resulted from wanton, reckless or grossly careless handling of the weapon. That was more favorable treatment than appellant was entitled to have.

The error being of no prejudice except to the Commonwealth, the judgment is affirmed.