Harry ROADEN, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

June 25, 1971.

As Modified on Denial of Rehearing

Dec. 17, 1971.

M. D. Harris, Phillip K. Wicker, Harris & Wicker, Somerset, for appellant.

John B. Breckinridge, Atty. Gen., Robert V. Bullock, Asst. Atty. Gen., Frankfort, for appellee.

DAVIS, Commissioner.

Harry Roaden, manager of Highway-27 Drive-In Theatre, was convicted of exhibiting obscene material in contravention of KRS 436.101(2). His penalty was fixed by the jury at a fine of $1,000 and confinement in jail for six months. The obscene material was a motion picture entitled "Cindy and Donna." It was conceded by Roaden's counsel in closing argument to the jury that the film is obscene. No issue is presented on appeal as to the obscenity of the material.

The assignments of error are that (1) the film was illegally seized; hence, evidence of its content should have been suppressed; (2) the court erred in permitting a deputy sheriff to have partial custody of the jury when the film was viewed, since the deputy was an interested witness for the prosecution; (3) the trial judge improperly questioned a witness; and (4) the prosecution should have been dismissed, or the judgment should be set aside because of failure of allegation or proof of scienter.

The sheriff of Pulaski County bought a ticket to the theatre and viewed the public showing of "Cindy and Donna." On the premise that the material was obscene, the sheriff proceeded to the projection booth and arrested Roaden, the manager of the theatre. He seized the reels of film incident to the arrest. The appellant contends that the seizure of the film and its subsequent use as evidence violated his constitutional immunity from illegal search and seizure. The appellant's theory is that a prior adversary hearing on the issue of obscenity of the material was required before the film could be seized. In support of that view the appellant relies on such decisions as Marcus v. Search Warrants of Property at 104 East Tenth St., Kansas City, Mo., 367 U.S. 717, 81 S.Ct. 1708, 6 L.Ed.2d 1127, and A Quantity of Copies of Books v. Kansas, 378 U.S. 205, 84 S.Ct. 1723, 12 L.Ed.2d 809. Those decisions relate to seizure of allegedly obscene material for destruction or suppression, not to seizures incident to an arrest for possessing, selling, or exhibiting a specific item. This court dealt with a related question in Smith v. Commonwealth, Ky., 465 S.W.2d 918, and held that a prior adversary hearing respecting obscenity was not required where the allegedly obscene material was purchased in the usual course of business.

The specific question was treated by a three-judge federal court in Hosey v. City of Jackson, Mississippi (S.D. Miss.), 309 F.Supp. 527 (1970).[1] There police officers had viewed the film "Candy" at a public showing, after which they arrested the manager and projectionist of the movie house and seized the film incident to the arrest. In rejecting the same argument which appellant presents, the court said, in part:

"This court is of the opinion that the seizure of an allegedly obscene film as an incident to lawful arrests for a crime

1. The Supreme Court has vacated the judgment in Hosey v. City of Jackson, Mississippi, in light of the Court's policy of noninterference in state prosecutions, but not on the merits. See 401 U.S. 987, 91 S.Ct. 1221, 28 L.Ed.2d 525 (1971).

committed in the presence of the arresting officers, i. e., the public showing of such film, does not exceed constitutional bounds in the absence of a prior judicial hearing on the question of its obscenity." Id. 309 F.Supp. at page 533.

The court elaborated its reasons, noting that the arrest must be legal, the arresting officer must view the film in its entirety and apply the legal guidelines for measuring obscenity, and may seize only the print of the film viewed. In Perez v. Ledesma, 401 U.S. 82, 91 S.Ct. 674, 27 L.Ed.2d 701 (decided February 23, 1971), the Supreme Court reversed a decision of a three-judge federal court which had held illegal the seizure of material as obscene incident to an arrest, without a prior adversary hearing as to its obscenity. The decision was premised upon the court's policy of noninterference with state criminal proceedings prior to adjudication by the state courts. This court is persuaded that the rule followed by the court in Hosey v. City of Jackson, Mississippi, supra, is the appropriate law. Lee Art Theatre v. Virginia, 392 U.S. 636, 88 S.Ct. 2103, 20 L.Ed.2d 1313, upon which appellant relies, is not dispositive here. In Lee Art the film had been seized pursuant to a search warrant, not incident to an arrest. The basis for the holding in Lee Art was that there was no valid ground for issuing the search warrant; hence, the ensuing search and seizure were illegal. The reasoning of that decision is not applicable here.

■ Appellant next complains of the trial judge's ruling in permitting Deputy Sheriff Strunk to be placed in partial charge of the jury as it proceeded to and from a theatre to view the film. The court placed State Trooper King in joint charge of the jury. Deputy Sheriff Strunk had been directed by the sheriff to "keep an eye" on the theatre managed by appellant and had viewed part of the film and testified in the case. In these circumstances it would have been more appropriate if the trial judge had sustained appel-

lant's objection to allowing Deputy Strunk to accompany the jury. However, in light of the fact that Trooper King was also deputed for the task, when considered with the fact that there was no intimation of any impropriety committed by Deputy Strunk, the court considers the irregularity as harmless. In light of the importance of maintaining the entire judicial process above suspicion, care should be taken to preclude such possible errors in trials. Cf. Dalby v. Cook, Ky., 434 S.W.2d 35, and Shackelford v. Commonwealth, 185 Ky. 51, 214 S.W. 788. The incident complained of does not rise to the magnitude of a prejudicial error; hence, it is not ground for reversal. RCr 9.24.

■ Just after the jury returned to the courtroom after viewing the film, Sheriff Gilmore Phelps was recalled as a prosecution witness. The Commonwealth's attorney interrogated the sheriff merely to show that the film he had just viewed was recognized by him as the same picture he had seen exhibited publicly. No cross-examination was made, whereupon the following occurred:

"THE COURT:

Let the record show that on the court's own motion the following questions were asked the Sheriff.

Q1 Sheriff Phelps you took the films from this courtroom did you not, to the theatre?

A Yes, sir.

Q2 Were they in your custody at all times, from the time you left the theatre until you returned here with them?

A Yes, sir.

Q3 And you have them here with you now?

A Yes, sir.

Q4 And they were in your custody at all times from the time you left the courtroom going to the Virgin-

ia Theatre to have them shown to the jury until you brought them back?

A. Yes, sir.

Q5 O.K., that's all."

It is urged by the appellant that the trial judge's intrusion into the case was prejudicial because it had the effect of creating the impression that the trial judge was aiding the prosecution by bringing out something which the Commonwealth's attorney had overlooked. It is also argued that the effect of the trial judge's participation was to create the impression that Sheriff Phelps was meticulous in every detail, thus bolstering him as a faithful servant of the law, eminently worthy of belief by the jury. The difficulty with the argument arises when it is recalled that no question was raised as to the obscenity of the film. Neither was there any issue as to the sheriff's having made the arrest as he had testified. The court is not persuaded that any adverse effect to appellant's rights flowed from the trial judge's actions. The trial judge's questions were competent and pertained to an orderly disposition of the proceedings. No error occurred. Kelly v. Commonwealth, Ky., 260 S.W.2d 953.

■ Finally, it is urged that there was a fatal omission in the fact that the indictment did not charge scienter, nor did the proof show that appellant had knowledge of the film's content.

The indictment alleged in part that the defendant "did unlawfully and wilfully publish and exhibit, * * * an obscene motion picture entitled 'Cindy and Donna.'" The indictment noted KRS 436.101 as its statutory basis. The statute itself requires that the element of scienter be shown. The instructions also required a finding of scienter as a predicate for conviction. The indictment, as drawn, was sufficient to furnish adequate notice of the offense charged. It met the requirements of RCr 6.10. The trial court properly permitted the Commonwealth to amend the indictment to include scienter, as prescribed by RCr 6.16, since no additional offense was charged and no substantial right of the accused was prejudiced. Brown v. Commonwealth, Ky., 378 S.W.2d 608; Fitzgerald v. Commonwealth, Ky., 403 S.W.2d 21.

■ The appellant testified that he had never personally viewed the film in question. It was shown that the picture was exhibited at the theatre the night before the arrest was made. Appellant was the manager and present when the picture was shown. He said his duties required him to be at various places, so that he did not see the picture show. The jury was not required to believe appellant's testimony. The circumstances warranted a jury's belief that appellant did know the content of the film. It has been held that circumstantial evidence is an appropriate method for proving the purveyor's knowledge of the content of material alleged to be obscene. Smith v. People of the State of California, 361 U.S. 147, 80 S.Ct. 215, 4 L.Ed.2d 205; State v. Andrews, Conn., 186 A.2d 546.

The appellant seems to suggest that the Commonwealth was required to prove that appellant was aware that the film was obscene according to statutory and case-law standards. No basis for such a requirement is cited, nor does any suggest itself, particularly in light of appellant's concession that the film is obscene.

The judgment is affirmed.

All concur.