**William Howard NEWTON, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 17, 1972.

William Howard Newton, pro se.

Ed Hancock, Atty. Gen., Paul A. Lynch, Asst. Atty. Gen., Frankfort, for appellee.

CATINNA, Commissioner.

William Howard Newton appeals from an order of the Warren Circuit Court overruling his RCr 11.42 motion to vacate a prior judgment of conviction. In 1970 a Warren County grand jury returned a four-count indictment against Newton. Count 1 was a charge of storehouse breaking while Counts 2, 3, and 4 charged prior felony convictions. Newton, with the assistance of court-appointed counsel, waived formal arraignment on the indictment. At this time the Commonwealth's attorney moved to amend the indictment to storehouse breaking with one felony conviction, thereby dismissing two other counts in the indictment which charged prior felony convictions.

After the indictment was amended, Newton entered a plea of guilty and the court instructed the jury, which thereupon returned a verdict of guilty fixing his penalty at ten years in the state penitentiary. See KRS 431.190.

Newton's RCr 11.42 motion to vacate the judgment of conviction alleges that the judgment was void because the crime of storehouse breaking limited the sentence to five years; further, under KRS 431.190 the second count set out in the indictment should have been his first conviction for which he received a two-year sentence and not a later conviction where he received a five-year sentence. He contends that the sentence in this case should not have exceeded four years.

 Newton's contention is without merit. RCr 6.16 provides that an indictment may be amended "any time before verdict" providing the "substantial rights of the defendant are not prejudiced." Stone v. Commonwealth, Ky., 418 S.W.2d 646 (1967); Roaden v. Commonwealth, Ky., 473 S.W.2d 814 (1971).

The Commonwealth, in amending an indictment which contains successive counts charging prior felony convictions, may elect which counts charging the prior convictions will be dismissed and those that shall remain in the indictment.

In amending the Newton indictment the Commonwealth elected to retain the count which reflected a prior five-year conviction, and therefore the penalty of ten years as fixed by the jury was proper.

The judgment is affirmed.

All concur.