The People of the State of Illinois, Plaintiff-Appellee, *v.* Larry Sparks, Defendant-Appellant.

(No. 73-72;

Second District—December 13, 1974.

Elmer Gertz, and Wayne B. Giampietro, both of Chicago, Ronald M. Lieberman and Thomas DeMik, both of Freeport, and Alan B. Andrews, of Las Vegas, Nevada, for appellant.

Victor V. Sprengelmeyer, State's Attorney, of Galena (James W. Jerz and Martin Moltz, both of Model District State's Attorneys Office, of counsel), for the People.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:

After a bench trial defendant was convicted of exhibiting an allegedly obscene film "Diary of My Secret Life" in violation of section 11—20 of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, par. 11—20) and was fined $500. That film (with another) was seized and the defendant was arrested without any warrant by the chief deputy sheriff and the State's Attorney of Joe Daviess County at a commercial theatre in East Dubuque after the officials had viewed both films. Defendant's motion to suppress the film, as having been illegally seized, was denied by the court. At the trial the film was admitted in evidence over defendant's objections.

While defendant raises several questions on appeal, we need only consider whether the seizure of an allegedly obscene film under these circumstances may be accomplished without a warrant. One of the cases on which the State relies on appeal is *Roaden v. Commonwealth* (Ky. 1971), 473 S.W.2d 814 (which was at that time pending in the United States Supreme Court on *certiorari.*) The facts in that case were almost identical to those in the instant case, except that there it was conceded

in closing argument to the jury that the film seized was obscene. The Court of Appeals of Kentucky, after emphasizing the latter fact, held that the film was properly seized incident to a lawful arrest. In June of 1973 the United States Supreme Court handed down its decision (*Roaden v. Kentucky*, 413 U.S. 496, 37 L.Ed.2d 757, 93 S.Ct. 2796) holding that the seizure without a warrant of a film being exhibited to the general public at a commercial theatre with regularly scheduled performances was unreasonable and required reversal of defendant's conviction in that case. In condemning such a seizure without a warrant the court said: "The seizure is unreasonable, not simply because it would have been easy to secure a warrant, but rather because prior restraint of the right of expression, whether by books or films, calls for a higher hurdle in the evaluation of reasonableness." (413 U.S. 496, 504, 37 L.Ed. 2d 757, 764.) The Supreme Court distinguished the seizure of a film in these circumstances from the situations in which contraband is changing hands or robbery or assault is being perpetrated, when police action must be "now or never" and in which "it is reasonable to permit action without prior judicial evaluation," but that "the seizure of the film * * * presented no such 'now or never' circumstances." 413 U.S. 496, 506, 37 L.Ed.2d 757, 765.

In view of this United States Supreme Court decision we now hold that the evidence in the instant case was unlawfully seized and should have been suppressed. Its admission in evidence requires reversal of the conviction.

The order of the circuit court of Jo Daviess County is reversed and the cause is remanded.

Reversed and remanded.

T. MORAN, P. J., and GUILD, J., concur.