No. 52,037

STATE OF KANSAS, *Appellee,* v. SAMUEL MINOR, *Appellant.*

(622 P.2d 998)

Opinion filed January 17, 1981.

*James F. Foster,* assistant district attorney, argued the cause and *Robert T. Stephan,* attorney general, and *Nick A. Tomasic,* district attorney, were with him on the brief for the appellee.

*Philip C. Lorton,* of Kansas City, argued the cause and was on the brief for the appellant.

The opinion of the court was delivered by

HERD, J.: This is an appeal by Samuel Minor from a jury conviction of felony murder (K.S.A. 21-3401) resulting from a shooting incident in Kansas City.

On October 17, 1979, around 1:30 a.m. the defendant was standing outside L. D. Fant's restaurant in Kansas City. Nobles Shuford drove up in a 1974 gold Cadillac and asked the defendant where he could find a prostitute. Defendant volunteered to go with Shuford to an area in Kansas City, Missouri, and assist him in his quest. They were unsuccessful and the two men returned to the restaurant where they met Gwendolyn Cohen. She informed them her services were available for a fee. The three bought some liquor, got in the Cadillac and drove to Lawrence then back to

Bonner Springs. At one point in the journey the car was stopped and Cohen and Shuford retired to the backseat where Cohen apparently tried to take Shuford's wallet from him. Shuford angrily got out of the car, opened the trunk, and produced a gun. Returning to the backseat, he brandished the gun in Cohen's direction warning her not to try anything like that again. He replaced the gun in the trunk and the three drove back to Kansas City. They stopped for breakfast at a truck stop restaurant located at 18th Street and I-70. Later, they drove to the home of Cohen's babysitter to leave money for Cohen's child. After purchasing more liquor, they returned to Fant's restaurant between 8:00 to 9:00 a.m. There, they met William Buckingham, who was standing outside the restaurant. While the four were standing in front of the restaurant talking to other people who had assembled there, Minor overheard Cohen tell Buckingham that someone had between $1100 and $1500 and that they could get it. Minor testified he did not know the identity of the intended victim. Minor then asked and received Shuford's car keys ostensibly to get his cigarettes from the trunk. Cohen took Shuford into the restaurant. Minor went to the car, took Shuford's gun from the trunk and returned walking around the side of the liquor store next door to the restaurant. He was followed by Buckingham and Cohen. Buckingham asked him for the gun. Minor initially refused to turn it over, but later gave it to him. Minor testified he originally took the gun in order to sell it. He stated Buckingham assured him he would give it back to him. Cohen requested the car keys from Minor and she and Shuford took the car around to the alley. Minor testified while Cohen and Shuford brought the car around, he stood behind the liquor store next to the restaurant with Buckingham. When the car was parked in the alley, Minor testified Buckingham left him, carrying the gun. Moments later Minor heard a gun shot and fled the scene. Shuford was shot and killed, and his billfold was taken. Minor denies participating in the robbery of the billfold or the shooting and denies knowing who committed either act. Defendant was convicted of felony murder.

Defendant first contends the trial court erred in overruling his motion to require disclosure of the names of the State's confidential informants. At the preliminary hearing for defendants Minor, Buckingham and Cohen held November 15, 1979, Detec-

tive James E. Parks, of the Kansas City Police Department, testified an informant had advised him to see Buckingham for more information regarding the crime. At the rehearing on the motion, Parks testified an anonymous caller gave him Minor's name. The trial court reversed its previous order to compel disclosure, stating:

"In this case, the informant only corroborates what the three defendants have already admitted, i.e.: that they were each in back of the pool hall at the time of the homicide and after the shooting ran from the scene. Their presence there and the fact that they ran are not in issue.

"Defendants have made no showing that the informant has information that is material and relevant and that his identity is necessary to assure them a fair trial. They only speculate that he might know something and argue that they are, therefore, entitled to question him and find out. In my opinion, this is not sufficient to warrant disclosure of the informant's name, and defendant's motion will be denied."

The tip to check with Minor apparently came from an anonymous caller, not a confidential informant. We are, therefore, only concerned with Parks' testimony regarding the extent of information imparted by the confidential informant.

Kansas law with respect to confidential informants is governed by K.S.A. 60-436, which was discussed in *State v. Knox,* 4 Kan. App. 2d 87, Syl. ¶ 11, 603 P.2d 199 (1979):

"Where there is no showing that the informer participated in the offense or that he was a material witness in the case, the State will not normally be required to reveal the informer's identity. It is incumbent upon the defendant to show that the identity of the informer is material to his defense."

Determining whether a claim of informer privilege will lie is within the sound discretion of the trial court and will not be overturned absent an abuse. *State v. Braun,* 209 Kan. 181, 186, 495 P.2d 1000, *cert. denied* 409 U.S. 991 (1972); *State v. Nirschl,* 208 Kan. 111, 115, 490 P.2d 917 (1971). The problem of disclosure requires "balancing the public interest in protecting the flow of information against the individual's right to prepare his defense." *Roviaro v. United States,* 353 U.S. 53, 62, 1 L.Ed.2d 639, 77 S.Ct. 623 (1957).

We agree with the trial court's assessment of the importance of the informant's information. We hold the defendant failed to show the confidential informant had information material to his defense. This issue is without merit.

The defendant next argues the trial court erred in failing to

instruct the jury that mere association by a defendant with code-fendants should not be considered to imply that the defendant aided and abetted in the crime. At the close of trial, defendant's request for such an instruction was overruled because elements of P.I.K. Criminal 54.05 and 54.06 pertaining to aiding and abetting were given. They require the jury to find the defendant intentionally and knowingly aided and abetted in order to convict. There are no pattern instructions similar to the defendant's requested instruction. He cites, as authority for his petition, *United States v. Anthony*, 145 F. Supp. 323 (M.D. Pa. 1956); *State v. Roberts*, 85 Ariz. 252, 336 P.2d 151 (1959); *Sumpter v. Commonwealth*, 251 S.W.2d 852 (Ky. 1952).

Defendant correctly asserts that *Roberts* and *Anthony* require that a conviction of aiding and abetting show the defendant either actively assisted, advised or encouraged the commission of the act. *Sumpter* requires the defendant to have been "intentionally in agreement with the perpetrator of the offense and . . . in [a] position to render him aid and encouragement in its commission." *Sumpter*, 251 S.W.2d at 853. The court in *Sumpter* also stated although mere presence at the scene of the crime is not sufficient evidence to convict one as an aider or abettor, such presence may be considered in determining whether a defendant was in agreement with the perpetrator of the crime. See *McQueen v. Commonwealth*, 393 S.W.2d 787 (Ky. 1965). None of the cases, however, indicate an instruction on mere association was given.

We have also stated some intentional act is needed in order for a defendant to be guilty of aiding and abetting another in the commission of a crime, pursuant to K.S.A. 21-3205(1). *State v. Griffin*, 221 Kan. 83, 86, 558 P.2d 90 (1976). We conclude when taken as a whole the instructions given covered the points raised by defendant. The jury had to find the defendant knowingly and intentionally aided and abetted in the murder in order to convict him. Mere association would have been insufficient under the instructions given. The issue is without merit.

Finally, Minor contends the trial court erred in overruling his motion for a judgment of acquittal at the conclusion of the State's evidence and also in overruling his motion for a new trial. Both motions are based on insufficient evidence.

The test for ruling on a motion for judgment of acquittal on insufficient evidence was recently stated in *State v. Mack*, 228 Kan. 83, 89, 612 P.2d 158 (1980):

"A trial judge in passing on a motion for judgment of acquittal must determine whether upon the evidence, giving full play to the right of the jury to determine credibility, weigh the evidence, and draw justifiable inferences of fact therefrom, a reasonable mind, or rational trier of facts, might fairly conclude guilt beyond a reasonable doubt."

The evidence against Minor is contained in the statement he gave the police. He testified he overheard a conversation between Cohen and Buckingham regarding robbing someone of his money, although he stated he didn't know who they were talking about. He admitted taking the gun from the trunk of the car and giving it to Buckingham. He testified he knew Cohen was bringing the victim around the back of the restaurant, and he admitted he knew she was bringing Shuford around in the car but would not admit he knew the victim was Shuford.

Although the evidence in this case is slim, we find a reasonable mind or rational trier of facts might fairly conclude guilt beyond a reasonable doubt. Clearly, Minor knew Shuford was the intended victim and he was an active participant in the robbery. It cannot be coincidence which caused Minor to obtain Shuford's gun or furnish it to Buckingham at the very propitious moment when Cohen had him in the backseat of his car parked conveniently in the alley behind the restaurant. The trial court did not err in denying the motion for judgment of acquittal, nor was there an abuse of discretion in denying the motion for new trial. *State v. Chiles*, 226 Kan. 140, 148, 595 P.2d 1130 (1979).

The judgment of the trial court is affirmed.