**Richard Wayne JOHNSON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Sept. 26, 1986.

Rehearing Denied Nov. 14, 1986.

Discretionary Review Denied by Supreme Court Jan. 13, 1987.

James P. Benassi, Appellate Public Advocate, Frankfort, Ky., for appellant.

David L. Armstrong, Atty. Gen., Joseph R. Johnson, Asst. Atty. Gen., Frankfort, Ky., for appellee.

Before DYCHE, HOWARD and MCDONALD, JJ.

DYCHE, Judge.

Richard Wayne Johnson appeals the judgment of the Franklin Circuit Court sentencing him to seven years confinement for attempted robbery, first degree. We affirm.

The evidence in this case was extremely short, taking only forty-two pages of the transcribed record. No factual matters are at issue. The appellant did not testify, having previously given a taped confession to the police, which indicated that he did attempt the robbery of a grocery store belonging to Herman May. The testimony showed that appellant entered the store while Mr. May's back was turned; when May turned around, appellant was standing there with a "bumper jack" raised in the air, demanding money.

The sole issue on appeal is whether the trial court should have granted a directed verdict on criminal attempt to commit robbery, first degree, or in the alternative, given an additional instruction on criminal attempt to commit robbery, second degree. These questions must be examined together.

It is the duty of the court to instruct on the whole law of the case; the

instructions must follow the evidence actually presented. *Grissom v. Commonwealth,* Ky., 468 S.W.2d 263 (1971), *Pilon v. Commonwealth,* Ky., 544 S.W.2d 228 (1977), and *Butler v. Commonwealth,* Ky., 560 S.W.2d 814 (1978).

The trial court's instructions, *inter alia,* required the jury, in order to convict appellant, to find that he had "threatened the immediate use of force upon Herman May, Sr., with a bumper jack; and ... that said bumper jack was a 'dangerous instrument'." The statutory definition which the court included in its instructions reads as follows:

"Dangerous Instrument"—means any instrument, article, or substance which, under the circumstances in which it is used, attempted to be used, or threatened to be used, is readily capable of causing death or serious physical injury.

Since the appellant neither testified nor called any witnesses in his behalf, this was the only instruction which could have been given to the jury. The only evidence in the record indicates that appellant was standing with the bumper jack raised in the air over Mr. May's head, demanding money. If appellant had offered testimony that he was merely going to do property damage with the bumper jack in order to further the commission of the robbery, or that he was going to put it down and threaten Mr. May with his fists, an instruction on criminal attempt to commit robbery, second degree, would have been warranted. Absent such testimony, the only proper instruction was the one given; the instruction followed the evidence.

Appellant would have us believe that by giving the one instruction only, the trial court "directed" a verdict of guilt, placing the jury in a position of either convicting him of the higher degree or completely freeing him, with no middle ground. Such a "forced" verdict would invariably result in the minimum sentence. Since the jury recommended *more* than the minimum sentence on the higher degree, this argument has no merit.

We next examine the contention that appellant should have been granted a directed verdict on criminal attempt to commit robbery first degree. The guidelines for our determination of this issue are explained in *Sawhill v. Commonwealth,* Ky., 660 S.W.2d 3, 5 (1983). "If under the evidence as a whole it would not be clearly unreasonable for a jury to find the defendant guilty, he is not entitled to a directed verdict of acquittal."

Examining the evidence in this light, the refusal to grant a directed verdict was proper. The judgment of the Franklin Circuit Court is affirmed.

All concur.