William David LOGAN, Jr., Appellant,

v.

COMMONWEALTH of
Kentucky, Appellee.

No. 88–CA–2458–MR.

Court of Appeals of Kentucky.

Aug. 25, 1989.

Discretionary Review Denied
by Supreme Court
April 18, 1990.

Frank W. Heft, Jr., Chief Appellate Defender, Jefferson District Public Defender's Office, Louisville (Daniel T. Goyette, Jefferson Dist. Public Defender, of counsel), for appellant.

Frederic J. Cowan, Atty. Gen., Gregory C. Fuchs, Asst. Atty. Gen., Frankfort, for appellee.

Before EMBERTON, HOWARD and McDONALD, JJ.

McDONALD, Judge:

William David Logan appeals his conviction of receipt of stolen property valued at more than $100. Logan was tried by a jury in the Jefferson Circuit Court and sentenced to two years' imprisonment. We discern no error, and we affirm.

On October 14, 1987, one Thomas Shannon reported to the police that his van had been stolen. Two days later, Shannon spotted the van on an expressway. In it were two men and one woman, the latter of whom was driving. The van's license number and custom markings had not been changed. Shannon followed the van to Oxmoor Shopping Center and when the three went inside, opened the van with his

keys and removed some identification cards that he found inside.

Shannon then notified the police who, after arriving, waited until the three suspects came out of the mall. One of the men and the woman drove off together in a car. This left the appellant, Logan, who went back inside Oxmoor for a while, then came out, got in the van and started to drive away. The police followed in an unmarked car. Logan drove the van until his way was blocked by a ditch, at which point he jumped out and ran. He was later traced by use of the identification cards Shannon had found in the van, and was identified by Shannon as the man who had tried to drive away.

Appellant's defense was that he never drove the van on the day in question and, furthermore, that he had not known it was stolen but had believed it belonged to his friend Gerald Cox. Terry Casey, the woman whom Shannon had seen in the van with the appellant, testified that Logan had told her the van belonged to his grandfather, who was going to give it to him.

■ Logan's first argument on appeal is that he was entitled to an instruction on the lesser offense of unauthorized use of a vehicle. "Unauthorized use" involves the use of vehicle without the consent of the owner. KRS 514.100. A conviction for receipt of stolen property, on the other hand, requires the Commonwealth to prove that the defendant both knew that the property was stolen and intended not to restore it to its owner. KRS 514.110. In support of his request for an unauthorized use instruction, appellant points out that no attempt was made to disguise the van, as there surely would have been if there had been any intent to permanently deprive the rightful owner of it.

A defendant is of course entitled to have his theory of the case submitted to the jury. *Davis v. Commonwealth*, Ky., 252 S.W.2d 9, 10 (1952). Where the defendant's theory is that his actions amounted to a lesser offense than the one charged, this essentially constitutes a defense to the higher charge. Thus, if "there is any substantial evidence to support this theory, the appellant will be entitled upon request to instructions accordingly, rather than the jury being left with no alternative except to convict or acquit of the principal charges." *Sanborn v. Commonwealth*, Ky., 754 S.W.2d 534, 550 (1988).

Nevertheless, the instructions must follow the evidence actually presented. *Johnson v. Commonwealth*, Ky.App., 721 S.W.2d 721 (1986). Logan's testimony, if believed, would appear to exonerate him of any criminal wrongdoing, rather than convict him of unauthorized use of a vehicle. We do not think there was any substantial evidence at trial to support the requested instruction, and we affirm its denial.

■ Logan's next argument concerns the sentencing portion of his trial. Pursuant to KRS 532.055, the jury was informed of Logan's prior convictions. One of these related to a crime which occurred in April of 1987. The van in the present case was stolen in October of that year, and Logan was indicted for receipt of stolen property in January of 1988. On February 3 he was convicted of the other offense; on September 30 he was convicted and sentenced for receipt of stolen property. Appellant contends that because the conviction of the prior offense followed the commission of the present one, it was not truly "prior."

We disagree. The statute contains no such qualification of the word "prior." It states only that the Commonwealth may offer evidence relevant to sentencing, including "[t]he date of the commission, date of sentencing and date of release from confinement or supervision from all prior offenses." In adopting this law, the Kentucky Supreme Court noted that it was intended to cure a perceived deficiency in sentencing procedure, that is the fact that juries were required to sentence "in a vacuum without any knowledge of the defendant's past criminal record or other matters that might be pertinent to consider in the assessment of an appropriate penalty." *Commonwealth v. Reneer*, Ky., 734 S.W.2d 794, 797 (1987). Both the offense and the conviction in question certainly occurred prior to the trial of the present case, and their use was in accordance with both

the plain meaning and the broader purpose of the statute.

The judgment of the Jefferson Circuit Court is affirmed.

All concur.