## Duff v. Commonwealth.

May 12, 1944

J. B. Carter for appellant.

Eldon S. Dummit, Attorney General, and Guy H. Herdman, Assistant Attorney General, for appellee.

Opinion of the Court by Stanley, Commissioner—
Reversing.

The appeal is by George Allen Duff from a conviction and sentence to life imprisonment for the murder of Lizzie Mills in January, 1944.

The defendant and the deceased had been living together for five years as husband and wife on "Sooky Ridge," a part of Pine Mountain, in Harlan County. On the day she was killed they had moved down the ridge two or three miles. That afternoon she left the home of Dave Howard about sundown to go home with some groceries. About the time she passed out of Howard's sight around the hill, the defendant came down a trail on the mountain, shooting his pistol at random. He, too, passed out of Howard's view, going in the same direction. The deceased was also going toward their home. John Howard, a 13-year old son of Dave, was on the mountain side gathering wood and he testified substantially the same thing. He says that Duff was "shooting everything to pieces" as he came down the ridge. He did not see the man and woman meet because each had passed around the hill out of his sight, but, as we understand, after a brief interval in the shooting, two other shots were fired. The boy was confused in his testimony and it would seem drew upon his imagination or told what he had heard. It is not clear whether he went at once where he could see the parties or first went there with his father. His testimony is that he heard Duff "a hollering and going on," and saying, "Oh, Lizzie, I have shot Lizzie." He saw Duff sitting by the side of the woman, lying on the ground. When taken under examination by the court, because of his apparent confusion, the boy testified that he did not see the shooting and was not close enough to identify Duff. However, his father testified to having heard the hollering and wailing of Duff. Shortly after the defendant's arrest both of these witnesses had made contradictory statements. The boy says that "two laws were up to the house" to see him. Both witnesses say they were scared and had been threatened unless they helped Duff out of his trouble. This seems to have been only by a sister of the dead woman.

The deceased was shot twice in the chest with a .38 special pistol, and the Commonwealth proved that the

defendant owned such a weapon. A number of unusual shells were around the place and others like them were found at his home. When the coroner arrived at the scene a few hours later he saw no blood and asked the defendant whether Lizzie had ever had heart trouble, and he replied that she had had high blood pressure and he thought she fell dead. The evidence for the Commonwealth is that Duff was drunk.

The defendant denied having gone down the hill shooting; that he then owned a pistol like that described; and testified that he was not drunk nor armed and had come upon Lizzie's body, with her jacket buttoned up, and without any wound or blood being visible. He immediately went to the nearby home of Andrew Jackson and got him to go back with him to the scene. Jackson testified that Duff came to his home crying and saying that somebody shot Lizzie. Another witness undertook to identify a man coming down the path from that direction, with his hat pulled over his eyes, as being Bill Sizemore, who was ''supposed to be'' Lizzie's husband. The reputation of Dave Howard for truth and veracity was questioned.

We think the evidence sufficient to sustain the verdict.

The instructions submitted only the issue of murder, a definition of the terms used, and on reasonable doubt of guilt. An accused person is entitled to instructions applicable to every state of case, reasonably deducible from the evidence. Smiley v. Commonwealth, 235 Ky. 735, 32 S. W. (2d) 51; Instructions to Juries, Stanley, Sec. 760. The rule with respect to giving the whole law of the case where no eye witness testifies and the evidence is wholly circumstantial, is comprehensively stated in Benson v. Commonwealth, 290 Ky. 713, 162 S. W. (2d) 538. We are of opinion that instructions should have been given on voluntary and involuntary manslaughter, predicated upon the reckless use of a pistol. There is no evidence of any premeditation or provocation or previous ill will, or any motive for the defendant to have murdered the woman, but there is evidence that he was drunk and shooting a pistol aimlessly as he was going to and in the direction of the place where the woman's body was found. It is a reasonable deduction that there was no deliberate intention on the man's part to kill the woman and that he did so in the grossly reckless or the careless

use of a pistol. Pelfrey v. Commonwealth, 247 Ky. 484, 57 S. W. (2d) 474; Huff v. Commonwealth, 250 Ky. 486, 63 S. W. (2d) 606; second appeal, 258 Ky. 274, 79 S. W. (2d) 940.

The judgment is reversed.