**Virgil MOORE, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Dec. 12, 1958.

As Modified on Denial of Rehearing
May 22, 1959.

**578**

Zeb Stewart, Frankfort, for appellant.

Jo M. Ferguson, Atty. Gen., Earle V. Powell, Asst. Atty. Gen., for appellee.

BIRD, Judge.

Appellant was convicted of murder in the Lyon Circuit Court at Eddyville and was given the death penalty by a jury from Caldwell County. He is charged with the slaying of Owen Davenport, a prison guard at the State Penitentiary in Eddyville. Appellant was a prisoner at the time of the killing and Davenport was on duty in the prison yard.

Divers grounds have been presented for reversal. It is necessary to consider only one. Decisions on all other questions are reserved. All of the eyewitnesses in this case are felons and were confined in the penitentiary at the time of the killing. The appellant moved for a rule on the witnesses as provided by CR 43.09. The motion was overruled and the witnesses were permitted to remain in the court room. By the court's ruling they were permitted to hear each other testify and appellant contends that this is a reversible error.

This Court holds that trial courts have a broad discretion in applying the rule respecting the separation of witnesses and refuses to intervene in such matters except in cases where that discretion has been abused. Moore v. Com., 223 Ky. 128, 3 S.W.2d 190; Pool v. Com., 308 Ky. 107, 213 S.W.2d 603; Jones v. Com., Ky., 281 S.W.2d 920. However in the homicide action of Ray v. Commonwealth, 241 Ky. 286, 43 S.W.2d 694, we reversed a manslaughter conviction solely upon the trial court's refusal to apply the separation rule. See also Salisbury v. Commonwealth, 79 Ky. 425. The purpose of the rule is to elicit the truth, unveil the false and promote the ends of justice.

It may be that each witness testified truthfully in this case but, because of the nature of this action and because of the peculiar relationship existing between these witnesses and persons interested in the prosecution, the Court is of the opinion that the trial court erred in refusing to apply the rule of separation. For that reason the judgment is reversed.