**Kirby RAGLAND, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 17, 1967.

**80**

Lewis A. White, Mt. Sterling, for appellant.

Robert Matthews, Atty. Gen., Charles W. Runyan, Asst. Atty. Gen., Frankfort, for appellee.

CLAY, Commissioner.

Appellant was found guilty of murder and sentenced to life imprisonment. He asserts four reversible errors were committed at the trial.

It is first contended the trial court improperly excused forthwith those members of the jury panel who acknowledged they had conscientious scruples against the imposition of the death penalty. It is argued that while these jurors opposed the death penalty generally, further examination may have demonstrated they had no such reservations in this particular case.

RCr 9.36(1) provides in part:

"When there is reasonable ground to believe that a juror cannot render a fair and impartial verdict on the evidence, he shall be excused as disqualified to serve".

We have held that unqualified opposition to capital punishment is a valid ground for challenge for cause in a case where such punishment is within the scope of the permitted penalty. Carson v. Commonwealth, Ky., 382 S.W.2d 85. Such a commitment by a prospective juror is a clear admission of prejudice and further examining him could serve no useful purpose. The source or strength of his conviction is immaterial. He has denied his impartiality, and the state as well as the defendant is entitled to an impartial trial. See 50 C.J.S. Juries § 275 e., page 1052; 31 Am.Jur., Jury, section 186 (page 160); United States v. Puff, 211 F.2d 171, 48 A.L.R.2d 540 (C.A.2). The trial court properly excused the challenged jurors without permitting further examination of the depth of their disclosed prejudice.

It is next contended the Commonwealth failed to prove that appellant killed the deceased. (Appellant had offered to stipulate this fact but the Commonwealth declined.) The uncontradicted evidence (including appellant's own testimony) was that appellant, in broad daylight on a public street, at close range, shot Rodney Thompson four times with a pistol. Thompson fell bleeding, was taken to a hospital, and died within two hours. The proof is overwhelming that appellant shot Thompson for the purpose of killing him. The circumstantial evidence would permit no other conclusion

than that the shots killed Thompson. This ground for a directed verdict has no merit.

Under RCr 9.48 the trial court separated the witnesses by excluding them from the courtroom (except when testifying). At the conclusion of appellant's evidence, the court permitted two attorneys who had testified for the Commonwealth to testify further in rebuttal. They had been in the courtroom when appellant's evidence was heard. The basis of the court's ruling (after objection) was that "the rule" was not applicable to attorneys because they were officers of the court.

 While Civil Rule 43.09 exempts "officers of (the) court" from the separation requirement, RCr 9.48 does not include such an exemption. However, it has long been recognized that the separation of witnesses is a matter resting within the sound discretion of the trial court. See Moore v. Commonwealth, Ky., 323 S.W.2d 577. In our opinion the initial exercise of discretion by the trial court by invoking the rule and excluding witnesses does not foreclose his right subsequently to make exceptions thereto in the interest of justice.

The rebuttal testimony of the two witnesses who had been present in the courtroom was not of the character which could have been influenced by hearing other testimony in the case. It was necessary to clarify certain circumstances about which appellant had testified. In addition, the witnesses were attorneys whose familiarity with courtroom procedures and trials would make it extremely unlikely that their testimony would have been influenced by the other evidence they had heard. We find neither abuse of discretion nor prejudice in permitting these witnesses to testify.

It is finally contended the court erroneously gave a self-defense instruction. The argument is made that since the facts did not tend to establish that appellant shot Thompson in self-defense, the giving of this instruction would induce the jury to believe that if this defense was not proven they must conclude the appellant had no defense at all.

Appellant testified that Thompson "run his hand in his pocket and that's when I shot him". This is the characteristic introduction to the claim of self-defense. The inference projected is that the deceased was reaching for a weapon which may have put appellant in fear of his life. Appellant's own statement was the base upon which the hypothesis of self-defense could be erected, and the court is required to instruct on every state of the case reasonably deducible from the evidence. Duff v. Commonwealth, 297 Ky. 502, 180 S.W.2d 412. Had this instruction not been given, we speculate that appellant would here be claiming that such omission was reversible error.

Even if it was error to give this instruction, it could not have been prejudicial. All of the essential facts were undisputed. This was a clear case of killing without a semblance of justification. This instruction could not have influenced the jury to find an innocent man guilty.

The judgment is affirmed.

All concur.