Carlisle Wilson WEBSTER, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Feb. 1, 1974.

Rehearing Denied May 10, 1974.

**34**

Frank E. Haddad, Jr., Louisville, William P. Bach, Jackson, for appellant.

Ed W. Hancock, Atty. Gen., Kenneth A. Howe, Jr., Asst. Deputy Atty. Gen., Frankfort, for appellee.

PALMORE, Justice.

Carlisle Wilson Webster appeals from a judgment sentencing him to consecutive terms in the penitentiary of three years for breaking a vending machine with intent to steal, KRS 433.190, and 10 years for illegal possession of burglarious tools, KRS 433.-120(2), pursuant to a jury verdict on pleas of not guilty. He was tried jointly with one Mildred Spencer, who also was convicted on similar charges.

In the late afternoon or early evening of Saturday, July 17, 1971, Webster and Mildred were in an automobile being driven by a man named Cox. As the car left a service station in or near Campton it was followed by an automobile occupied by three local deputy sheriffs, at least one of whom, while at the service station, had noticed Cox, Webster and Mildred[1] standing in the vicinity of the vending machines located some 50 or 60 feet from the gasoline pumps. The Cox automobile pulled over to the side of the road, and as the officers passed they observed that Cox and Webster appeared to be arguing and attempting to fight. After turning around, they arrested Webster for public drunkenness and Cox for driving without an operator's license. A search of the automobile turned up a coin box and two shaving kits containing assortments of nickels, dimes and quarters.

The officers found in Webster's front pockets a small screwdriver, a pocket knife, and an unfamiliar metal instrument with movable parts and prongs. Upon a later search of Webster in the county jail a small Allen wrench fell out of his clothing and another metal instrument like the one mentioned above was found in one of his socks. Testimony eventually introduced in the trial was ample to prove that by means of the wrench and screwdriver these peculiar instruments could be adapted for use in opening the type of locks commonly found on vending machines. Webster told one of the officers that he was a machinist by trade and had made the tools in question, though for what purpose he did not say.

During the evening of July 17 it was brought to the attention of the service station employes that coins being placed in the Coca-Cola machine were falling through to the ground, so early the next morning the owner opened it with his key and found the coin box missing. In his testimony he identified the box found in Cox's automobile as being like the one that had been removed from the machine at his station.

Neither of the defendants testified, nor did Cox, who evidently was absent and unavailable as a witness. The same counsel represented both defendants.

At the beginning of the trial counsel for the defendants invoked the rule[2] for exclusion of the witnesses, but on motion of the Commonwealth's Attorney the trial court over objection permitted the sheriff, the three deputies hereinbefore mentioned,

---

1. At this time their identities were unknown to the officers.

2. RCr 9.48.

and a state trooper who had assisted in the investigation to remain in the courtroom. This, it is contended, was a prejudicial abuse of discretion.

■ CR 43.09, which of course applies to civil cases, provides expressly that it does not apply to "the officers of court," whereas RCr 9.48 contains no such exclusion. According to the commentary by the original drafters of the Criminal Rules, RCr 9.48 "is the same as CR 43.09 adjusted to criminal cases." The principal adjustment being the omission with reference to officers of the court, it is to be presumed that it was not unintentional. Nonetheless, it is beyond question that the whole matter of what witnesses will be excluded from hearing the others before themselves testifying lies within the sound discretion of the trial court. Cf. Ragland v. Com., Ky., 421 S.W.2d 79, 81 (1969); Moore v. Com., Ky., 323 S.W.2d 577, 578 (1959); Ray v. Com., 241 Ky. 286, 43 S.W.2d 694, 696 (1931).

■ A witness need not be considered an officer of the court, at least within the meaning of these procedural rules, merely because he is an officer of the law. If his presence is not required for the benefit of the court or assistance of counsel there is no reason for him to be regarded differently from any other witness. Therefore, under circumstances in which it would be held an abuse of discretion to exempt a witness from the rule, the bare fact of his being an officer of the law should not operate to make it otherwise. Hence we have reviewed the situation in this case from that standpoint.

■ On the facts we cannot say there was an abuse of discretion or that if so the appellant really was prejudiced. The nature of the testimony the officers were prepared to give was not such that the examination of one was apt to transmit any beneficial schooling to another, nor do we detect in their testimony any evidence that

it did. There is no ground for reversal on this point.

During his opening and closing statements to the jury the Commonwealth's Attorney spoke as follows:

"Ladies and gentlemen, this is the type of case we haven't had much experience with in this County. . . . This case is not the type of case where someone goes out and breaks in a building and steals something for extra money or just because they thought they could get by with it. This is a case of professional burglary [objection overruled]. The evidence will bear out what I am saying. This is a preview of what the evidence will be. These are professional burglars and they had all the paraphernalia necessary to break into vending machines, buildings, stores or any type of place where a man could store his goods and try to protect them . . . Notice as the testimony develops that this is not the ordinary type of burglary or B and E that we have in this area. This is people coming in to our area well equipped to burglarize."

· · · · · ·

"Mr. Bach's argument centered around the Sheriff and the State Police force. They didn't do the job a highly trained police force in a larger city dealing with professionals would do. We don't have any professionals around here. We have boys going into a store and getting a few items but every once in a while a professional rogue will go throughout county and—

MR. BACH: Object. There is no evidence these people are professionals.

COURT: Overruled.

MR. BRYANT (continuing): From this evidence you are bound to conclude they are professional burglars. Mr. Bach concluded they are innocent. There is ample evidence for you to conclude they are professionals. A

man making a living stealing what other people work out. He is smart too. He's smart.

MR. BACH: Object.

COURT: Overruled.

MR. BRYANT (continuing): He is real smart. He was smart enough to make these tools.

MR. BACH: Object."

Webster contends that these references to him as a "professional burglar" were improper and prejudicial and effectually deprived him of his constitutional right to confront the witness against him.

■ In Lynch v. Commonwealth, Ky., 472 S.W.2d 263, 267 (1971), it was observed that a similar reference to the defendant as a "professional," though possibly warranted by information within the knowledge of the prosecuting authorities, "was not supported by the evidence under consideration . . . and was therefore improper," but in this case we are of the opinion that it was a fair inference for the prosecutor to argue and for the jury to draw from the evidence. It would defy credulity to suggest that one who manufactures and carries special tools for opening locks and is able to relieve a locked vending machine of its contents in broad daylight under the open view of the employes and patrons of its owner without being detected could be anything other than a professional thief.

Though Mildred Spencer did not appear as a witness, the sheriff testified that after she had been arrested and advised of her constitutional rights she confessed (orally) that Webster and Cox had opened up the vending machine "while she stood look-out for them." The point is now made that the trial court's failure to admonish the jury not to consider this evidence in determining Webster's guilt or innocence was a

fatal violation of his constitutional right of confrontation under the principle of Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).

We are of the opinion that Webster may very well have prevented the use of Mildred's admission as against himself had he moved for a separate trial or objected to the sheriff's testimony, and that unquestionably he would have been entitled to an admonition had he asked for it. As it is, however, the subject was never brought to the attention of the trial court until mentioned among numerous other points in a motion for new trial.

■■ RCr 9.54(2) provides that objections to instructions may be presented for the first time in a motion for new trial,[3] but it does not apply to admonitions. Though sometimes matters more appropriately the subject of admonition are included with or as a part of the instructions, that does not change their basic nature. The function of instructions in this jurisdiction is only to state what the jury must believe from the evidence (and in a criminal case, beyond a reasonable doubt) in order to return a verdict in favor of the party who bears the burden of proof. Directions limiting the effect of evidence are not in the category of instructions submitting the law of the case to the jury. Cf. Bradley v. Commonwealth, Ky., 439 S.W. 2d 61, 64 (1969), suggesting this distinction with reference to the voluntariness of a confession or consent to a search, and Reeves v. Commonwealth, Ky., 462 S.W.2d 926, 930 (1971), holding that a failure to raise the question at the time the admonition is or should be given waives it.

■ In this instance counsel should have requested the admonition at the time the evidence was received or, if he did not decide until later not to put Mildred on the stand, at least before the jury retired for its deliberations.

---

3. Effective March 1, 1974, the Rule has been amended to require presentation of such

objections before the instructions are read to the jury.

The one remaining argument is that the trial court erred in permitting the witness Dalton, a designer of tools and dies, to testify as an expert, giving it as his opinion, for example, that the tools heretofore mentioned had been made for opening locks of the type he had seen on some Coca-Cola machines. From a review of the testimony we are satisfied that his qualifications were sufficient to let the jury hear and evaluate what he had to say.

The judgment is affirmed.

OSBORNE, C. J., and JONES, MILLIKEN, PALMORE, REED and STEINFELD, JJ., sitting.

OSBORNE, C. J., and JONES, MILLIKEN, PALMORE and REED, JJ., concur.