Dorothy CLARK, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee (Two Cases).

Nos. 1997–CA–002542–MR, 1997–CA–002766–MR.

Court of Appeals of Kentucky.

Dec. 18, 1998.

Discretionary Review Denied by Supreme Court Aug. 26, 1999.

Robert L. Heleringer, Louisville, for Appellant.

A.B. Chandler III, Attorney General, Janet M. Graham, Assistant Attorney General, Frankfort, for Appellee.

Before: COMBS, GARDNER, and KNOPF, Judges.

1. Appellant's brief refers to "Lisa Cox"; appellee's brief calls her Lisa Hatton. This

*OPINION*

COMBS, Judge:

The appellant, Dorothy Clark, appeals from the judgment of the Franklin Circuit Court convicting her of one count of Bribery of a Public Servant, KRS 521.020. Having carefully examined the record on appeal, we find no error and affirm her conviction.

On January 29, 1997, the Franklin County Grand Jury indicted Clark, a deputy clerk of the Franklin Circuit Court, on four counts of Bribery of a Public Servant (KRS 521.020) and one count of Official Misconduct in the First Degree (KRS 522.020); the charge of official misconduct was dismissed prior to trial. In essence, the indictment alleged that in exchange for cash, Clark had used her influence as a public servant to intercept and to "fix" traffic citations issued to her nephew, Ricky Tipton, to his daughter, Latisha Tipton, (Counts I–III) and to Lisa Cox (now Hatton) [1](Count IV). Clark entered a plea of not guilty and, on August 25, 1997, proceeded to trial on the four counts of bribery of a public servant. The jury found Clark not guilty of Counts I–III (the charges relating to the citations issued to Ricky and Latisha) but found her guilty of Count IV (the charge relating to Lisa Hatton). On October 10, 1997, the court entered final judgment, sentencing Clark to six years' imprisonment. This appeal followed.

■ The first issue raised by Clark on appeal is whether the court erred in allowing Judge William Graham of the Franklin Circuit Court to testify in violation of RCr 9.48. She maintains that the court abused its discretion in permitting the testimony and that she was greatly prejudiced by this alleged error. She therefore requests that we set aside her conviction.

RCr 9.48 provides:

opinion refers to her by her current name of "Hatton".

If either a defendant or the common-wealth requests it, the judge may exclude from the hearing or trial any witness of the adverse party not at the time under examination, so that he may not hear the testimony of the other witnesses. This provision shall not apply to the parties to the proceeding.

Strict compliance with this rule is not mandatory.

*Jacobs v. Commonwealth,* Ky., 551 S.W.2d 223, 225 (1977), construes RCr 9.48 as follows:

We have uniformly construed [RCr 9.48] as giving to the trial judge broad discretion in the matter of permitting or refusing to permit the testimony of a witness who has violated the rule of separation, and have refused to intervene in such matters except in cases where that discretion is found to have been abused.

Invocation of the rule does not preclude the trial court from making exceptions "thereto in the interest of justice" and allowing a witness to testify. *Ragland v. Commonwealth,* Ky., 421 S.W.2d 79, 81 (1967). Thus, reversible error occurs in disallowing testimony rather than in permitting it to proceed where the rule is put into issue.

At trial, the Commonwealth called Judge Graham as a rebuttal witness at the close of the case. Judge Graham then asked to approach the bench to make a disclosure to the court. In a bench conference, Judge Graham informed the court that he had heard some of the trial testimony the previous day on a closed circuit television in his chambers; specifically, he admitted to hearing portions of Clark's testimony. Defense counsel objected to Judge Graham's being allowed to testify on grounds of RCr 9.48. After a brief discussion, the court overruled the objection and allowed Judge Graham to proceed. In reaching its decision, the court reasoned that Judge Graham had not been put on notice so that he could avoid hearing testimony in the case; nor had he been placed on the witness list since the Common-wealth had not anticipated calling him as a witness. The court also noted that Judge Graham was being called as a rebuttal witness—a status which limited the scope of his testimony.

Upon close examination of the record, we cannot say that the court abused its discretion in allowing Judge Graham to testify. During cross-examination, the Commonwealth questioned Clark as to whether she had had any disciplinary problems during her tenure as a deputy clerk; Clark responded that she had not. Judge Graham was called as a witness to rebut her assertion. He testified that when he was a district court judge, he had placed Clark on probation. Judge Graham explained that another clerk had found in Clark's desk unprocessed traffic citations that had been issued to one of her sons. He stated that he had called her into his office and reprimanded her and then placed her on probation.

Upon a close examination of the record, we do not agree that the trial court abused its discretion in allowing Judge Graham to testify. His testimony was limited to the issue of whether Clark had ever been disciplined or placed on probation in the course of her employment—an issue as to which she had already testified and as to which his testimony was offered in rebuttal. He did not offer any direct evidence concerning the charge of bribery of a public servant. Under these circumstances, we find that the court properly exercised it discretion under RCr 9.48 in allowing Judge Graham to testify.

■ Clark also argues that the trial court erred in denying her motion for a directed verdict. She maintains that there was insufficient evidence to support her conviction. We disagree.

The jury found Clark guilty of one count of bribery of a public servant for accepting cash in exchange for using her influence to "fix" a speeding ticket issued to Lisa Hatton (then Cox). KRS 521.020 provides in pertinent part:

(1) A person is guilty of bribery of a public servant when:

(a) He offers, confers, or agrees to confer any pecuniary benefit upon a public servant with the intent to influence the public servant's vote, opinion, judgment, exercise of discretion, or other action in his official capacity as a public servant; or

(b) While a public servant, he solicits, accepts, or agrees to accept any pecuniary benefit upon an agreement or understanding that his vote, opinion, judgment, exercise of discretion, or other action as a public servant will thereby be influenced.

In *Commonwealth v. Benham*, Ky., 816 S.W.2d 186 (1991), the Supreme Court set out the standard of appellate review for motions for directed verdict:

> On appellate review, the test of a directed verdict is, if under the evidence as a whole, it would be clearly unreasonable for a jury to find guilt, only then the defendant is entitled to a directed verdict of acquittal.

*Id.* at 187. Moreover, it is within the sole province of the jury to determine the weight and credibility of conflicting evidence. *Brown v. Commonwealth*, Ky., 558 S.W.2d 599 (1977).

In this case, the Commonwealth presented sufficient evidence to support a reasonable inference that the appellant was guilty of bribery of a public servant. At trial, Ricky Tipton testified that Lisa Hatton was a friend of his wife and that while at their home one night, she complained that she had just received a speeding ticket. Ricky told her that his aunt (Dorothy Clark) could "fix" her ticket for one hundred dollars. He stated that Lisa subsequently gave him one hundred dollars, which he gave to Clark to keep Lisa's ticket from showing on her driving record. Lisa also testified at trial. She confirmed that Ricky had told her that his aunt could help her with her ticket as she did not want to be assessed points for the ticket. Lisa stated that she gave Ricky one hundred dollars to give to Clark. Thereafter, she did not take any further action with regard to the ticket and she never heard anything else about the ticket. Mary Ann Tipton, Ricky's wife, offered testimony supporting both Ricky's and Lisa's statements at trial.

In addition to the testimony of Ricky and Lisa, the Commonwealth introduced the traffic citation issued to Lisa on which Clark's initials were written as well as a receipt to Lisa indicating that the citation had been paid. However, the paperwork on the disposition of the ticket was never sent to the Department of Transportation; therefore, the ticket was never placed on Lisa's driving record and she was not assessed any points.

A directed verdict is appropriate only if there is no more than a "mere scintilla" of evidence of fault. *Benham, supra.* The Commonwealth presented evidence which could support a reasonable inference that Clark had accepted money to use her influence as a deputy clerk to "fix" Lisa Hatton's traffic citation. Clark was given the opportunity to test and to cross-examine the evidence against her. The jury had been made aware of the fact that Ricky had pled guilty to a federal drug charge and that he was currently facing criminal charges in Kentucky. It was the jury's role to evaluate the credibility of Ricky and accordingly to weigh his testimony in light of his checkered background. Thus, the evidence against Clark amounted to more than a "mere scintilla," and it was not patently unreasonable for the jury to find guilt on the part of Clark.

For the foregoing reasons, we are compelled to affirm the judgment of the Franklin Circuit Court.

ALL CONCUR.