RENDERED: JULY 12, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0599-MR

CARTER L. BLEVINS; JO BLEVINS;
MARGIE BLEVINS; MARY JO
BLEVINS; PARKER R. BLEVINS;
AND PHILLIP K. BLEVINS                                                  APPELLANTS


|  | APPEAL FROM WAYNE CIRCUIT COURT |
|---|---|
| v. | HONORABLE SARA B. GREGORY, JUDGE |
|  | ACTION NO. 11-CI-00154 |


E.G. BERTRAM, III                                                              APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; COMBS AND GOODWINE,
JUDGES.

COMBS, JUDGE: In this case involving harvest of timber, the Appellants are:

Carter L. Blevins and Jo Blevins, his wife; Phillip K. Blevins and Mary Jo Blevins,

his wife; Parker Blevins and Margie Blevins, his wife (the Blevinses). They appeal

from a judgment entered following a jury verdict awarding them thirteen thousand

dollars ($13,000) in compensatory damages on their claim that E.G. Bertram, III,

(Bertram) trespassed on and wrongfully harvested timber from their property. The jury unanimously rejected the Blevinses' contention that Bertram's timber trespass was intentional. Consequently, the trial court did not award the Blevinses the treble damages available under the provisions of KRS[1] 364.130 as it existed at the time the timber was harvested.

On appeal, the Blevinses contend that the trial court erred: by failing to instruct the jury properly; by failing to grant their motion for judgment notwithstanding the verdict (JNOV) or, in the alternative, their motion for a new trial; and, finally, by failing to award them costs, attorney fees, and prejudgment interest. After our review, we have found no error. Therefore, we affirm.

The Blevinses and Bertram own adjoining property in Wayne County. The Blevinses acquired their property, consisting of two tracts, in 1974. Bertram acquired his tract in the 1980's. In mid-April of 2011, the Blevinses filed a civil action against Bertram. They alleged that beginning in approximately August 2005 and continuing until approximately April 2006, Bertram intentionally cut timber from their property and converted it to his own use. In his answer, Bertram denied the allegations. He contended that the boundaries of the property described in the Blevinses' deed do not encompass any portion of the area where the disputed timber was harvested. Bertram also asserted that the pertinent statute of limitations

---

[1] Kentucky Revised Statutes.

-2-

(KRS 413.120(4)) barred the action. While the provisions of that statute require that any action for "trespass on real or personal property" be "commenced within five (5) years after the cause of action accrued[,]" no mention of the defense is made on appeal.

Following a period of discovery, the Blevinses amended their complaint to include an action to quiet title. Surveys were undertaken and depositions were conducted. Discovery continued, and in January 2019, Bertram filed a third-party complaint naming Wayne Engineering Associates, Inc., as a party defendant. Bertram alleged that Wayne Engineering's surveyor mismarked the boundary line separating the Blevinses' property from his own -- causing his timber-contractors to be unaware of the true property line. Bertram alleged that the surveyor's mismarking was based upon an error in the Blevinses' deed. Bertram requested that he be indemnified by Wayne Engineering for any damages assessed against him.

In December 2019, the Blevinses filed a motion for summary judgment. With respect to their claim to quiet title, the Blevinses admitted that two minor errors were present in the legal description of one of their tracts. However, they contended that these errors were immaterial to the parties' dispute. Bertram filed a cross-motion for summary judgment. The quiet-title action was resolved by summary judgment entered in February 2020. The court concluded that the

Blevinses were the title owners of the property that they claimed and that they were entitled to judgment as a matter of law with respect to their quiet-title action. Based in part upon the statute of limitations, the action against Wayne Engineering was dismissed in April 2022, and Wayne Engineering is not a party to this case.

The remainder of the case was tried to a jury beginning on February 22, 2023, and concluding on February 24, 2023. The jury was preliminarily instructed that the Blevinses "are the owners of the land where the timber at issue was cut." It was directed to "award the [Blevinses] stumpage value for [their] timber" not to exceed $37,547.00. Following its deliberations, the jury found the stumpage value of the Blevinses' timber was $13,000. Next, the jurors agreed unanimously that the logging operations had caused no damage to the Blevinses' property. Finally, in answer to a single interrogatory, the jury agreed unanimously that Bertram had not "intended to cause to be cut timber which he knew he was unauthorized to cut." Based on this finding by the jury, the trial court declined to award the statutory treble damages. Following entry of the judgment, the Blevinses filed a bill of costs of more than $28,500.00; a motion to alter, amend, or vacate; and a motion for judgment notwithstanding the verdict (JNOV) or, in the alternative, for a new trial. Bertram filed a comprehensive response.

In a supplemental judgment entered in April 2023, the trial court addressed the Blevinses' post-trial motions. The court rejected the majority of

their bill of costs. It concluded that expert witness fees, survey costs, and other costs sought by the Blevinses were not recoverable under the provisions of CR[2] 54.04. It awarded $2,468.30 as costs recoverable under the civil rule. The court also denied the Blevinses' motion for JNOV, or alternatively, for a new trial, and their motion to alter, amend, or vacate the judgment. This appeal followed.

On appeal, we review questions of fact under the clearly erroneous standard. *Moore v. Asente*, 110 S.W.3d 336 (Ky. 2003). Findings of fact must be supported by evidence sufficient to persuade a reasonable person. *Kentucky State Racing Comm'n v. Fuller*, 481 S.W.2d 298 (Ky. 1972). We review questions of law under a *de novo* standard. *KL & JL Invs., Inc. v. Lynch*, 472 S.W.3d 540 (Ky. App. 2015).

First, the Blevinses argue that the trial court's instructions to the jury were erroneous. They challenge the court's single interrogatory that asked the jury to decide whether Bertram's trespass was intentional, arguing that it failed to conform to law. They contend the jury's response to the interrogatory deprived them of the treble damages afforded by the provisions of KRS 364.130.

A court's instructions to the jury are necessary for a valid verdict. The instructions guide the jury in its deliberations, advising what it must believe from the evidence in order to resolve each dispositive issue of fact in favor of the

---

[2] Kentucky Rules of Civil Procedure.

party bearing the burden of proof. *See Webster v. Commonwealth,* 508 S.W.2d 33 (Ky. 1974), *cert. denied,* 419 U.S. 1070, 95 S. Ct. 657, 42 L. Ed. 2d 666 (1974). Because proper jury instructions are essential, erroneous instructions are presumed to be prejudicial. *McKinney v. Heisel*, 947 S.W.2d 32 (Ky. 1997).

In 2005 and 2006, KRS 364.130 set forth the measure of damages when an actor entered the property of another with intent to convert the timber growing thereon and did so without legal right or color of title either to the land or to the timber. Under the statute as it then existed, the trespasser was required to pay the rightful owner "three (3) times the stumpage value of the timber and . . . three (3) times the cost of any damages to the property as well as any legal costs incurred by the owner of the timber." KRS 364.130(1). However, the enhanced damages were available **only** where the factfinder determined that the trespasser "intended to cut timber which he [knew] he [was] unauthorized to cut." *Penix v. Delong*, 473 S.W.3d 609, 615 (Ky. 2015).

When asked by the court in simple, direct terms whether it found "from the evidence that [Bertram] intended to cause to be cut timber which he knew he was unauthorized to cut," the jury unanimously responded, "No." The court's interrogatory complies precisely in accordance with the decision of the Supreme Court of Kentucky in *Penix v. Delong,* 473 S.W.3d 609 (Ky. 2015).

Moreover, the interrogatory was tendered for the court's consideration by the Blevinses in their proposed jury instructions. There was no error.

Next, the Blevinses argue that the trial court erred by failing to award to them their costs as provided by KRS 364.130. The Blevinses contend that they were required to obtain a survey to defeat Bertram's unfounded challenge to their title to the property and that the court erred by disallowing their claim of: $16,294.50 for the survey; $1,625.00 for the surveyor; and $1,418.80 for the surveyor's deposition. They also sought to recover their costs for a timber expert in the amount of $6,000.00 and attorney's fees, which were disallowed by the court.

In its supplemental judgment, the court correctly observed that the jury's response to its interrogatory resolved the issue of whether the Blevinses were entitled to recover their costs and attorney's fees under the provisions of KRS 364.130(1). Again, pursuant to the provisions of the statute as it existed at the time the timber was harvested, a timber was entitled to recover costs if and only if a trespasser caused timber to be cut down with the intent to convert it to his own use. In this case, based upon the evidence presented, the jury specifically rejected the Blevinses' contention that Bertram "intended to cause to be cut timber which he knew he was unauthorized to cut." Just as they were not entitled to recover treble

damages pursuant to the statute, they were not entitled to recover their legal costs. There was no error.

Next, the Blevinses argue that the trial court erred by failing to grant their motion for JNOV or, in the alternative, by failing to grant a new trial. They contend that the damages awarded were grossly inadequate, not sustained by the evidence, and not in accordance with the court's instructions.

In considering a motion for judgment notwithstanding the verdict, a trial court must take as true all evidence favoring the prevailing party. *Insight Kentucky Partners II, L.P. v. Preferred Automotive Services, Inc.,* 514 S.W.3d 537 (Ky. App. 2016). Upon our review, we are not at liberty to determine credibility of witnesses or to reconsider the weight which should be given to the evidence. *Peters v. Wooten,* 297 S.W.3d 55, 65 (Ky. App. 2009). We may not disturb the trial court's ruling unless its decision is clearly erroneous. *Id.* The Court's denial of JNOV "should only be reversed on appeal when it is shown that the verdict was palpably or flagrantly against the evidence such that it indicates the jury reached the verdict as a result of passion or prejudice." *Id.* (citation omitted).

A trial court's denial of a motion for a new trial is presumed correct, and its order is subject to reversal only where it is unsupported by sound legal principles. *Kaminski v. Bremner, Inc.*, 281 S.W.3d 298 (Ky. App. 2009). Again,

the jury's verdict must be reasonably related to the evidence presented at trial. *Jefferson v. Eggmeyer,* 516 S.W.3d 325 (Ky. 2017).

The Blevinses argue that the jury verdict "awarding only $13,000 is at complete odds with the unrefuted evidence in this case and the court's proper instruction on 'stumpage value.'" They contend that their expert presented the only credible evidence of stumpage value as $37,547.00 and that the jury's rejection of that value was a decision "palpably and flagrantly against the evidence." They argue that the jury took "the bait" when evidence was introduced indicating that Bertram recovered $13,000.00 from his loggers once a criminal indictment was returned against them for their theft of a portion of the timber that they harvested for him. Similarly, the Blevinses contend that the jury's failure to award any sum for damage to the property was erroneous because their expert testified that the loggers caused $8,600.95 in damage to the real property.

In his brief, Bertram notes that it was the Blevinses' attorney who introduced testimony relevant to the $13,000.00 restitution made to Bertram by the loggers. While Bertram's expert valued the timber mistakenly harvested at $8,258.85, he concedes that the jury was free to adjust the value of the timber based upon how credible it found the witness. No objection was raised with respect to the court's instruction permitting the jury to award a sum "not to exceed $37,547.00."

In its order denying the post-judgment motions, the circuit court noted that the jury's award of $13,000.00 fell "within the range of values presented by the expert witnesses." While the Blevinses' expert based his value on a "100% cruise" of the area identified by the Blevinses, Bertram's expert based his stumpage valuation of $8,600.95 on a limited appraisal of the area. Each of the experts was subjected to extensive cross-examination aimed at undermining their credibility. It is upon this basis that the court concluded that the jury's verdict with regard to the value of stumpage was adequately supported by the evidence. This determination was not clearly erroneous.

With respect to the jury's determination that there was no damage to the Blevinses' real property as a result of the timber harvesting, we agree with Bertram that the jury simply disbelieved the Blevinses' expert who appraised the stumpage value and assessed damage to the property in late 2010 and early 2011 -- several years after the timber had been harvested. The jury's verdict is reasonably related to the evidence presented at trial. It does not appear to have been reached under the influence of passion or prejudice or in disregard of the court's instructions. Again, we find no error.

Finally, the Blevinses contend that the trial court erred by failing to order Bertram to pay prejudgment interest. We disagree.

While prejudgment interest is awarded as a matter of right on a liquidated demand, it is a matter within the discretion of the trial court with respect to unliquidated sums. *Nucor Corp. v. General Electric Co.*, 812 S.W.2d 136, 141 (Ky. 1991). In this case, the trial court properly exercised its discretion and declined to award prejudgment interest because it concluded that the claim was unliquidated.

The Blevinses argue that the $13,000 verdict was based upon Bertram's testimony indicating that he was paid this sum in restitution by the loggers. They contend that this fact **required** the trial court to conclude that the claim was automatically liquidated. We disagree with the Blevinses' underlying premise that Bertram's offer of an amount in settlement of the dispute should be equated with or presumed to be liquidated damages. We also note that the nature of an underlying claim governs its classification -- not the final award. *3D Enterprises Contracting Corp. v. Louisville and Jefferson Cnty. Metropolitan Sewer Dist.*, 174 S.W.3d 440 (Ky. 2005).

The Blevinses concede that the market value of the timber wrongly harvested was based on the total number of trees harvested; the size of each tree; and the quality of each tree. The court did not err by concluding that the claim was unliquidated because the value of the harvested timber was subject to dispute. Consequently, the Blevinses were not entitled to prejudgment interest as a matter

of right. As a matter of discretion, the trial court was authorized to award prejudgment interest on the unliquidated award. In declining to do so, it did not abuse its discretion.

We affirm the judgment of the Wayne Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANTS:

Winter R. Huff
Somerset, Kentucky

BRIEF FOR APPELLEE:

G. George Bertram
Jamestown, Kentucky